John R. Heilman, J.
Respondent, aged nine, is charged with being a juvenile delinquent in a petition upon information and belief, subscribed and verified by a Deputy Sheriff and supported by a question and answer statement of the seven-year-old complaining witness, signed by her and her mother, and sworn to before a notary public, who is also the Undersheriff. It is alleged that the respondent committed an assault in the third degree, with intent to cause physical injury, by kicking the complaining witness in the stomach and causing physical injury to her. A hearing was held at which the respondent was represented by a court-appointed Law Guardian, and petitioner by the Assistant County Attorney.
The officer merely identified the petition and his signature thereon. On cross-examination he recounted his course of investigation, which included talking to the complaining witness and *282 her mother. The Law Guardian for respondent thereupon moved to dismiss the petition on the ground that it was not supported by a statement of a person who could swear to a statement, since she was only seven years old. The motion was denied.
The complaining witness, after examination by the court (Family Ct. Act § 152, subd. [b]), gave unsworn testimony. She related that she and a girl had gotten off a school bus and were walking toward home when the respondent and another boy chased them. Her friend dropped a shoe and went back to get it, whereupon several others held that girl down while respondent came up to the complaining witness, who was standing still, and kicked her in the stomach. She felt a pain in her left side and told respondent she was going home and tell her mother. Since her mother was not home, she went to a neighbor’s house. Her mother came there later and looked at her body. She was crying and had a bruise in the stomach area. No doctor or medical attention was given. On cross-examination she said she was about eight feet from her girl friend when the respondent came up to her from the front, turned his back to her, gave her a kick in the stomach by throwing his foot out backwards, and then ran back the way he had come. She positively identified respondent as the boy who had kicked her and said that he said, “ If you tell your mother, I’ll get you tomorrow.”
The mother of the complaining witness said that when she went to the neighbor’s house, she found her daughter crying and saying she was hurt. She examined the girl’s body and found her stomach bruised. She wanted to take the girl to a doctor, but did not do so because the girl was crying so hard. The marks on the girl’s body had not been there earlier in the day.
The 11-year-old girl friend who had been with the complaining witness, was also-examined by the court and was found to understand the nature of an oath and permitted to give sworn testimony. She confirmed that while being chased by respondent and another, she dropped her shoe, went back to pick it up, was pushed down by respondent and another and held there by two or three others while respondent went over and kicked the complaining witness, who then started crying. She saw it. She described the kick as a kick back like a karate or mule kick. When the complaining witness said she was going to tell her mother, respondent said, “ We’ll get you tomorrow.” She said she was sure it was the respondent and not someone else who kicked the complaining witness.
*283 After petitioner rested, respondent requested an adjournment to call witnesses whom it was thought the petitioner would call, and this adjournment was granted. On the adjourned date the first witness called by respondent was a girl nine years of age, who, after examination by the court, was found not to understand the nature of an oath, but was permitted to give unsworn testimony. On direct examination she stated that she was present during the incident, knew respondent was there, and did not see him touch any of the girls. On cross-examination she said she did not know the complaining witness, does know that a girl got kicked in the stomach, but does not know whether the respondent did it or not. On the court’s questioning, she said the reason she knew a little girl was kicked was because she saw her crying and holding her stomach.
Another 10-year-old boy called by respondent was permitted to give unsworn testimony after examination by the court. He remembered the incident and that several children were there, including two girls. He said he saw the kicking happen. When asked “ Who did it! ”, he did not answer. When the question was repeated, he said “ One flew on a girl and one got kicked but he did not know who kicked her. The one who did it had on striped pants. He did not answer the question “ Who was wearing the striped pants! ’ ’ He knew that respondent was charged with doing the kicking, and he said that he did not see a certain named other boy, who was with respondent when they ran after the girl, do the kicking. When asked if he saw respondent kick the girl, he made no answer, but when the question was repeated, he nodded “ yes ”. He also nodded “ yes ” to the question whether he was a friend of respondent. On cross-examination he said none of the others present kicked the girl, and again nodded “ yes ” when asked if respondent kicked the girl. Only his mother talked to him about coming to this court about this matter.
A third witness for respondent was also permitted to give unsworn testimony after examination by the court. He was with the respondent and others during the incident in question; He saw no one kicking any girl, and all he did was help hold the other girl down. He did not know where respondent or the other girl were and he did not see any girl crying.
A fourth witness for respondent was also permitted to give unsworn testimony after examination by the court. All she could contribute was that she was there. Two girls whom she did not know were also there. She saw a boy trip one girl and *284 she saw respondent there, but did not watch him and did not see anybody kicking any girl.
A fifth witness for respondent was also permitted to give unsworn testimony after examination by the court. She said that she saw the respondent there, but was not watching him all the time and did not see him hit anybody and does not know whether or not he kicked one of the girls. She did see him using his feet in karate.
The respondent himself then gave unsworn testimony after examination by the court. He said he and another boy, or maybe five altogether, were chasing the two girls and one fell. He said he did not hit or kick anybody, but one girl was crying. He did not know if anybody else kicked the girl. He said he was not doing karate at all that day. He claimed that he saw the named boy by a tree near the complaining witness. On cross-examination he said he does do karate, but cannot do a back kick.
At the request of the respondent, the matter was further adjourned to permit respondent to bring in the named boy, but on the adjourned date the court was informed that the respondent had decided not to call that witness. The court then concluded the fact-finding hearing.
The respondent renewed his motion to dismiss the petition on the ground that the petition was insufficient because the supporting deposition was made by a person who respondent claimed was incapable of being sworn, and on the further grounds (1) that there was insufficient evidence even for a prima facie case and there was no personal injury; (2) the charge had not been proven beyond a reasonable doubt; and (3) this was a mere disagreement between grammar school children and not the type of case to be in Family Court. The court reserved decision on the motion and on the case.
That part of the motion for dismissal which is based upon the ground of disqualification of the infant under 12 years of age to be sworn points up the confusion that exists as to whether juvenile delinquency procedures are criminal or civil in nature. As a result of the imposition of the due process clauses of the United States Constitution on juvenile proceedings, it has been frequently argued that when a juvenile is charged with having committed an act which would be a crime if committed by an adult, the proceeding is criminal in nature and should be governed by the Criminal Procedure Law of the State of New York.
In making this motion respondent apparently relied upon the provisions of CPL 60.20 (subd. 2), which prescribe the rule *285 of evidence as to children being witnesses — “ A child less than twelve years old may not testify under oath unless the court is satisfied that he understands the nature of an oath. If the court is not so satisfied, such child may nevertheless be permitted to give unsworn evidence if the court is satisfied that he possesses sufficient intelligence and capacity to justify the reception thereof.” The case law under this séction has established that it is the duty of the trial court to determine the capacity of a child witness to understand the meaning of an oath (People v. Peary, 161 Misc. 30; People v. Palladino, 237 N. Y. S. 2d 266). This court has been unable to find any statutory provision or reported case extending the requirement of CPL 60.20 as to a child under 12 years of age who testifies at a trial (Matter of Wade H., 41 A D 2d 817; Matter of Steven B., 30 A D 2d 442) to a child under 12 years of age who signs a supporting statement or deposition.
Perhaps the unspecified reliance of respondent in this motion is upon CPL 100.15, 100.20 and 100.30. Subdivision 3 of section 100.15 provides: “ The factual allegations [of an information or misdemeanor complaint] may be based either upon personal knowledge or upon information and belief. ’ ’ The other sections refer to form, content and manner of verification.
None of these sections are applicable to this proceeding. Except as to the due process provisions of the Fifth and Sixth Amendments to the Constitution of the United States, as imposed upon the States by the Fourteenth Amendment, the procedures of the Family. Court in New York State, as they affect juvenile delinquency proceedings, are not criminal in nature and the GPL does not apply (Matter of D., 27 N Y 2d 90).
Family Court of the State of New York is a constitutional civil court established by chapter 686 of the Laws of 1962, and is not given any criminal jurisdiction under that legislation or under the jurisdictional provisions of CPL 10.10. The imposition of due process and fair treatment provisions on juvenile proceedings in Family Court, as enunciated by the United States Supreme Court in such cases as Matter of Gault (387 U. S. 1) and Matter of Winship (397 U. S. 358) neither implies nor requires the adoption of all criminal procedures to such cases. Fpr able discussion of the problems thus created by the quasi-criminal nature of juvenile matters (see Matter of William S., 70 Misc 2d 320 [Glasser, J.] and Matter of White, 70 Misc 2d 541 [Poulos, J.]).
Section 165 of the Family Court Act provides “ Where the method of procedure in any proceeding in which the family *286 court has jurisdiction is not prescribed by this act, the procedure shall be in accord with rules adopted by the administrative board of the judicial conference, or if none has been adopted * * * the provisions of the CPLR shall apply to the extent that they are appropriate to the proceeding involved.”
Rule 2.2 of the Rules of the Family Court (22 NYCRR 2501.2) designates the forms appended thereto as the official forms of the court. The petition in the instant case conforms to form 7-6. Paragraph 9 of the instant petition and the prescribed form provide as follows: “ As to the allegations herein made upon information and belief, the sources of Petitioner’s information and grounds of belief are * # * the statements and depositions of witnesses, if any, now on file with this court.” Of significance is the reference to both “ statements ” and “ depositions ”. A deposition is a sworn statement. (See, e.g., CPL 100.30.) Obviously the two terms are not mere redundancy. A statement can be oral or written. This is evidenced by the wording of section 735 of the Family Court Act “ No statement made during a preliminary conference may be admitted into evidence in a fact-finding hearing ”. This language is repeated in subdivision (d) of rule 7.3. The committee comment to section 735 states “ This section is designed to encourage a free conversation [emphasis added] by assuring confidentiality. ’ ’
In addition, this court has, on at least two prior occasions, set forth what it considered to be the basic requirements of a legally sufficient petition in a juvenile delinquency proceeding (Matter of Howe, 70 Misc 2d 144; Matter of Walsh, 59 Misc 2d 917). In Howe (supra), this court, citing People v. James (4 N Y 2d 482), held that in a juvenile delinquency proceeding, initiated by a petition based on information and belief, the source of the information and the basis of belief must be set forth. The petition in the instant case not only identified the source of the petitioner’s information, but also had attached to it a verbatim account of the information supplied by the young victim. (See People v. Tennyson, 19 N Y 2d 573.)
Thus, it makes no difference whether any statement of facts attached to a petition to support the information and belief basis thereof is sworn to or not. It follows that it is immaterial whether or not the person making such statement is capable of understanding the nature of an oath and thus has the capacity to be sworn.
The petition on information and belief supported by an unsworn statement showing facts of an evidentiary nature is *287 therefore sufficient, not only as a valid petition, but sufficient to acquaint the respondent with the nature of the charges and furnish him with sufficient facts to enable him to make his defense. In that respect it meets the due process and fair treatment tests.
Some further practical reasoning supports this conclusion. To say that a person incapable of being sworn, due solely to age and possible lack of comprehension of the meaning of an oath, could not complain to a court of a violation of the Penal Law committed against him, would be to deprive him of the equal protection of the law. Such extension of the technical requirements of a petition is not indicated in any statutory* or case law. It would mean that any person could commit a crime against a child under 12 years of age (as frequently happens in child abuse cases) with complete immunity from any petition to invoke judicial processes that are available to an adult for redress of a wrong to the victim.
The motion to dismiss, as based on the supporting deposition, is denied.
The complaining witness ’ account is corroborated by her girl friend, who was present, and also in some parts by even the respondent’s unsworn witnesses. That the complaining witness received injury is indicated by evidence of her crying and bruises on her stomach which' were not there earlier in the day. •The evidence indicates that the kicking by respondent was intentional and not by accident. The court observed the demeanor of the witnesses while testifying, and particularly noted that the one witness called by respondent, who reluctantly indicated that respondent did the kicking, looked at respondent each time he was asked a direct question as to who did the kicking, and then failed to answer the question. All of the elements of the crime of assault in the third degree, as defined by section 120.00 of the Penal Law, were established beyond a reasonable doubt of this court.
The court finds as facts:
1. That the respondent kicked the complaining witness in the stomach with his foot.
2. That there was intent to inflict injury.
3. That physical injury to the complaining witness was caused by respondent as a result of such kick.
4. That the physical injury inflicted comes within the definition contained in subdivision 9 of section 10.00 of the Penal Law.
5. That the complaining witness’ unsworn testimony is cor *288 roborated by the sworn testimony of the 11-year-old girl as to the incident and by the mother as to the nature of the injury.
The court finds that the testimony and evidence establish the allegations of the petition beyond a reasonable doubt. The argument that this incident was a mere disagreement between children and not a type of case for Family Court is rejected. Family Court action is designed to catch delinquent conduct of juveniles at its earliest inception, to ascertain by investigation and psychological or psychiatric evaluation whether anything should and can be done to prevent a repetition of such conduct, and to furnish any help that the respondent or his family may require. The act charged comes squarely within a provision of the Penal Law which can form the basis for a juvenile delinquency petition. The motion of the respondent to dismiss the petition on the other grounds is denied.
The respondent is adjudicated to be a juvenile delinquent. The Probation Department is directed to make an investigation and report to the court. Psychological evaluation of the respondent is ordered. The matter is adjourned to June 11, 1974 at 10 a.m. for a dispositional hearing.