OPINION OF THE COURT
Richard D. Huttner, J.
The respondent herein is charged with various sex offenses against the complainant. The petition was accompanied by two supporting depositions, one signed by the complainant, age seven, and the other signed by an eyewitness, age nine. Both deponents were called by the prosecution to testify and since they were both less than 12 years of age, the court made inquiry into each child’s capacity to understand the nature of an oath. (Family Ct Act, § 343.1.)
After examination by the court, the complainant was found not to understand the nature of an oath, but the court concluded that he did possess sufficient intelligence and capacity to justify the reception of his unsworn testimony. The eyewitness, after examination by the court, was found capable of being sworn; however, his testimony established that prior to signing he did not read his supporting deposition, nor was it made clear whether it was in fact read to him.
*551 The respondent urges that because the complainant was precluded from testifying under oath, his deposition supporting the petition should be treated as a nullity, as he should likewise be assumed unable to execute the written oath on the deposition. Respondent further contends that the deposition of the eyewitness is also defective due to his failure to read the allegations prior to signing. If the respondent’s contentions are correct, the result would be a petition based merely on hearsay allegations, which would be violative of the requirements of section 311.2 of the Family Court Act, and therefore subject to dismissal.
It is this court’s opinion that the respondent’s position is without merit since it erroneously assumes that the legal requirements for a testimonial oath are identical with those pertaining to an oath on a supporting deposition. This court can find no statutory authority requiring a person administering the oath on any written deposition to preliminarily examine the subscriber to determine his capacity to comprehend the nature of the oath being administered. The only statutory requirement is that the “oath * * * shall be administered in a form calculated to awaken the conscience and impress the mind of the person taking it in accordance with his religious or ethical beliefs.” (CPLR 2309, subd [b].) In contrast, prior to the administration of an oath in a criminal or juvenile delinquency trial, the court is obligated to scrutinize the prospective witness’ capacity to comprehend the nature of the oath (Family Ct Act, § 343.1; CPL 60.20).
The sole function of the petition and supporting deposition is to commence a juvenile delinquency proceeding. Since a finding of juvenile delinquency may result in penal sanctions, it must be supported by sworn testimony adduced at trial. Since a finding of juvenile delinquency cannot be made solely upon the contents of the written deposition and petition, its execution need not be attended by any more ceremony or scrutiny than that afforded any other deposition executed in this State.
Based on the aforesaid analysis, the fact that the court determined that the complainant was not competent to testify under oath at trial, has no effect on the validity of the written deposition as an instrument supporting the *552 petition for the purpose of commencing a prosecution. With regard to the other witness, the same analysis applies. The fact that he may, or may not, have read the written deposition is relevant to the credibility of the assertions contained in the purported deposition and not to the issue of the legal sufficiency of the deposition as an instrument to effectively commence the prosecution.
If respondent’s argument prevailed, an untenable consequence would result in that those persons who could not be sworn in court because they could not comprehend the nature of the oath, would likewise be precluded from commencing a juvenile delinquency proceeding since they could not execute a deposition supporting the petition. The irrationality of such result was addressed in Matter of Parks (78 Misc 2d 281, 287) as follows: “To say that a person incapable of being sworn, due solely to age and possible lack of comprehension of the meaning of an oath, could not complain to a court of a violation of the Penal Law committed against him, would be to deprive him of the equal protection of the law.”
The court has examined the respondent’s other arguments and finds them without merit.
During trial, both the unsworn testimony of the complaining witness and the sworn testimony of the eyewitness were adduced. Their testimony was consistent, and I found each to be entirely credible and believable. The sworn testimony of the eyewitness was also sufficient to corroborate the unsworn testimony of the complaining witness in all respects.
Accordingly, the court finds beyond a reasonable doubt that the respondent committed acts which if committed by an adult would constitute sodomy in the first degree, a violation of subdivision 3 of section 130.50 of the Penal Law.
This matter is set down for a dispositional hearing in Part III on May 4, 1984. The Probation Department is directed to prepare an investigation and report and mental health study if indicated.