OPINION OF THE COURT
L. Priscilla Hall, J.
The defendant’s motion to dismiss on speedy trial grounds is hereby denied.
The defense asserts that the People cannot be ready for trial because the misdemeanor complaint was never properly converted to an information due to defective verification of the supporting deposition.
The substance of the defendant’s argument is that the complaining witness, who is 13 years of age, signed a supporting deposition under penalty of perjury, for which a child under 16 cannot be criminally prosecuted due to the defense of infancy under Penal Law § 30.00.
In People v Pierre (140 Misc 2d 623), a New York County case cited and relied on by the defense, the court found such *603 verification by an 11 year old defective. The court also noted that a child under 12 is not presumed swearable without prior examination under CPL 60.20. Similarly, People v King (137 Misc 2d 1087) dealt with verification by children under 12.
In this case, the complaining witness was 13 years of age and presumed to understand the nature of an oath.
Furthermore, a child of such age who violates Penal Law § 210.45, which is an "adult” crime, could be subject to adjudication as a juvenile delinquent pursuant to Family Court Act § 301.2.
For these reasons, this court cannot agree that the verification of the supporting deposition by a 13 year old was defective and finds the complaint properly corroborated and therefore sufficient as an information.
The defendant was first arraigned on this case on June 28, 1986. The People filed the contested supporting deposition on July 31, 1986 along with a statement of readiness, which the court finds effective. (See, People v Kendzia, 64 NY2d 331.)
There are no postreadiness delays thereafter which collectively merit dismissal on speedy trial grounds. (See, People v Anderson, 66 NY2d 529.)
Based on the foregoing analysis, the court has found the verification proper, the corroboration sufficient to convert, and the People effectively ready within the time required by CPL 30.30. Accordingly, the defendant’s motion to dismiss on speedy trial grounds must be denied and the case is continued for trial.