OPINION OF THE COURT
L. Priscilla Hall, J.
The defendant’s motion to dismiss on speedy trial grounds is hereby denied.
The substance of the defendant’s argument is that the People cannot be effectively ready for trial because the complaint was never properly converted to an information due to defective verification of the supporting deposition by the complaining witness.
In People v Pierre (140 Misc 2d 623), a New York County case cited by the defense, the court reasoned that minors under 16 cannot properly verify pursuant to CPL 100.30 (1) (d), because they cannot be criminally prosecuted for violating Penal Law *1012 § 210.45, making a false written statement, due to the absolute defense of infancy in Penal Law § 30.00.
In a subsequent case, People v Malone (140 Misc 2d 602), this court held that since a 13 year old who violates Penal Law § 210.45, which is an "adult” crime, can be subjected to adjudication as a juvenile delinquent pursuant to Family Court Act § 301.2, the verification was effective.
In the present case, the child is 11 years of age. The provisions of Family Court Act § 301.2 are also applicable to a child of such age.
Nowhere in CPL 100.30 is there any special provision for verification by minors. To read an additional requirement into the statute might well usurp legislative prerogative.
It has been pointed out that children below 12 are not presumed swearable under CPL 60.20 without prior examination by the court. Nevertheless, a defendant would still be protected by that statute at trial. It may also be noted that CPL 190.30 permits the District Attorney to qualify a child’s understanding of the oath in a Grand Jury proceeding. In the present matter, the People’s answer avers that, "defendant’s assumption that the complainant’s capacity was not evaluated * * * is erroneous. All assistant district attorney’s assigned to the Sex Crimes * * * Bureau are trained to determine whether a complainant under * * * 12 understands * * * an oath. Such a determination is made * * * before the complainant signs a corroborating affidavit, and was made in this case.”
Furthermore, although the supporting deposition in question was filed March 3, 1988, less than 60 days after arraignment, the defense did not formally object to the instrument until the instant speedy trial motion on July 5, 1988. This is well after the People’s trial readiness limitation under CPL 30.30 could be deemed expired, in the event that the conversion of the complaint to an information were ruled ineffective. To reach such a result would be repugnant in the eyes of justice.
This is not to suggest that we believe that all child verification under CPL 100.30 (1) (d) is inherently valid, any more than we accept the proposition that it is universally defective. CPL 100.30 (2) provides a flexible mechanism whereby the court can choose to order verification in any manner it sees fit. Were the child in this case younger, or the facts different, the court might well choose to direct an examination and *1013 swearing. We believe such case-by-case evaluation to be in keeping with the over-all statutory scheme.
Based on the foregoing analysis, the court finds the supporting deposition in this matter to be satisfactorily verified and the complaint to be properly converted. Therefore, the People’s announcement of readiness on March 3,1988, along with the filing of the corroboration, is held to be effective. There is no postreadiness delay thereafter which merits speedy trial relief. (See, People v Anderson, 66 NY2d 529.)
Accordingly, the defendant’s motion to dismiss pursuant to CPL 30.30 must be denied and the case is continued for trial.