OPINION OF THE COURT
Harvey M. Sklaver, J.
In this delinquency proceeding the respondent is charged *204 with rape of a five-year-old child and related offenses. The child signed and purportedly swore to a supporting deposition which was annexed to the petition. The respondent now moves for dismissal of the petition, asserting that it is defective in that the prosecutor who conducted the voir dire of the child did not file an affidavit attesting to his or her findings as to the child’s competency to be sworn (People v King, 137 Misc 2d 1087). He couples this with the point, correctly made, that the family and appellate courts have applied the principles of CPL 100.40, which governs the sufficiency of informations in criminal court, to interpret Family Court Act § 311.2 as regards the sufficiency of juvenile delinquency petitions (see, Matter of Rodney J., 108 AD2d 307; Matter of Gloria F., 127 Misc 2d 653).
While the subject of a child’s supporting deposition has received much attention of late by criminal court (People v King, supra; People v Pierre, 140 Misc 2d 623; People v Wiggans, 140 Misc 2d 1011; People v Phillipe, 142 Misc 2d 574) there appear to be two older Family Court cases which have addressed it (Matter of Parks, 78 Misc 2d 281; Matter of Robert T., 123 Misc 2d 550). The conclusions reached in the criminal court decisions, all of which were well reasoned, varied from requiring the prosecutor to conduct a voir dire of the child and file an affidavit (People v King, supra) to requiring that the court conduct the voir dire and swear the child (People v Pierre, supra) to not requiring any additional act for the verification to be sufficient (People v Malone, 140 Misc 2d 602; People v Wiggans, supra). On the other hand, both Family Court cases are in accord with the rule recently enunciated in criminal court cases of Malone and Wiggans.
At the outset, two points should be noted. First, it is this court’s view that Matter of Parks (supra) has lost some, but not all, of its precedent value since it was decided prior to 1982 amendments to the Family Court Act. Those amendments removed the provisions governing delinquency proceedings from article 7 and placed them in a new article 3 and rewrote many of those provisions to conform them to the comparable ones in the Criminal Procedure Law. The old article 7 did not contain provisions comparable to present sections 311.1 and 311.2. Under old section 734-a the petition required the signature of the presentment agency, there being no requirement for verification. (However, see, Matter of S., 73 Misc 2d 187 [as requiring verification and a supporting deposition and engrafting the requirement of compliance with CPL *205 100.40].) Second, Family Court Act § 152 (b), not cited in Matter of Parks nor Matter of Robert T. (supra), which permits the Judge, in any hearing, to dispense with the formality of placing a minor under oath before taking the minor’s testimony has no counterpart in the Criminal Procedure Law. Family Court Act § 343.1 is the counterpart of CPL 60.20 which the criminal court cases so extensively addressed. Because of Family Court Act § 152 (b) much of what has been said in the criminal court decisions is not applicable to juvenile delinquency proceedings.
The foregoing points having been noted, this court concludes that the only reported decision directly in point is Matter of Robert T. (supra), with which this court agrees. However, in addition to what that court there said this court would go further in supporting the conclusion. As indicated, a Family Court may permit a minor to testify without oath.* For that reason, a fortiori, the minor can sign a supporting deposition —if, indeed, "deposition” is the correct word. Since the court can receive a minor’s unsworn statement in evidence it can treat the child’s purported deposition in this case as if it were an unsworn statement, even if a voir dire were required by CPL 60.20 and 100.40 as held in some of the criminal cases. This conclusion does not offend constitutional principles. All that the Constitution requires is that the respondent be given notice of the charges against him or her and the opportunity to defend against them. In the present case the respondent’s knowledge of the charges against him is in no way diminished if the child’s deposition were to be deemed unsworn. His rights will be protected since, at trial, the court will be required to separately determine whether this five-year-old child is competent to testify (Family Ct Act § 343.1) and, if not, whether there is sufficient corroboration or other sworn testimony to overcome the prohibition against a finding of delinquency based solely on unsworn testimony (Family Ct Act § 343.1 [3]).
Further, official form 3-7 issued by the Chief Administrator of the Courts pursuant to Family Court Act § 214 for use in juvenile delinquency proceedings (22 NYCRR 205.7) and as used in the present proceeding, states in allegation number 7: *206 "As to the allegations made herein upon information and belief, the Presentment Agency’s information and grounds of belief are * * * the statements and depositions of witnesses now on file with this Court.” (Emphasis added.) As noted in Matter of Parks (supra), and for the reasons there set forth, the emphasized words are not redundancy. The official court forms recognize that sworn allegations which are made upon information and belief need not be based upon depositions, i.e., sworn statements, but may be based on unsworn ones. This in not in conflict with Matter of Rodney J. (supra). Indeed the court’s holding in that case supports this court’s conclusion herein. While the court in Matter of Rodney J. said that, "Every element of the crimes charged and the respondent’s commission thereof must be established by nonhearsay allegations [and that] * * * the requirement of Family Court Act § 311.2 that the petition be based on competent legal evidence should be strictly observed” (supra, at 310), it continued that, "Hearsay, as that term is used in the CPL, has been construed to mean only hearsay which is not admissible at trial.” (Supra, at 311.) The court rejected " 'the absurd result’ ” (Matter of Parks) that the rules of evidence as applied to informations are more stringent than those applicable to trials and hearings (supra, at 311). In Matter of Rodney J. the issue revolved around an unsworn confession by the respondent. The court held that the question of admissibility at trial, i.e., whether the confession should be suppressed as having been involuntarily made, should await the trial but that the unsworn statement was sufficient for pleading purposes. Similarly, the child’s competency to testify in this case should be determined at trial but her statement is sufficient for a petition.
For the foregoing reasons, this court concludes that there is no need for the prosecuting attorney to file an affidavit concerning his or her voir dire of the child and, accordingly, the respondent’s motion to dismiss the petition is denied.

 Whether for this purpose the word "minor” means a person under the age of 18 or whether it means one under the age of which the court has jurisdiction in the proceeding (i.e., a 15-year-old youth testifying in a delinquency case or a 17-year-old youth in a neglect case) need not be addressed here.