OPINION OF THE COURT
Barry A. Cozier, J.
This opinion follows the oral decision and order of the court rendered on the record. This designated felony delinquency proceeding was commenced on January 4, 1991 by the District Attorney’s office pursuant to article 3 of the Family Court Act, *220 charging respondent with committing acts, which if committed by an adult, would constitute sexual abuse in the first degree (Penal Law § 130.65 [1]), sodomy in the first degree (Penal Law § 130.50 [1]) and endangering the welfare of a child (Penal Law §260.10 [1]). Prior to the commencement of the fact-finding hearing, respondent moved to dismiss the petition, claiming that the petition was jurisdictionally defective pursuant to Family Court Act § 311.2. Respondent asserts that the supporting deposition of the five-year-old complainant was not properly sworn, subscribed or verified in accordance with CPL 100.30 and 60.20.
The issue before the court is whether a supporting deposition of a five-year-old complainant in a Family Court designated felony delinquency proceeding must be subscribed and verified in accordance with the CPL. The court finds that the verification provisions of the Family Court Act control and that the provisions of the CPL regarding verification and subscription of a Criminal Court complaint or information arc not applicable in a juvenile delinquency proceeding. Accordingly, respondent’s motion to dismiss the petition herein is denied.
FACTS
The accusatory instrument in this proceeding consisted of the designated felony act petition, a supporting deposition signed and sworn to by the five-year-old child complainant, and a second deposition sworn to by Darryl M. Stovall, an employee of the District Attorney’s office, "duly qualified as a Notary Public”. This second deposition was in boilerplate form, stating that Mr. Stovall interviewed the child and prior to notarizing the complainant’s supporting deposition, he found the complainant capable of taking an oath.
Respondent contends that the petition should be dismissed because it was not properly sworn, subscribed or verified in accordance with CPL 100.30, in that a five-year-old child cannot subscribe and verify a supporting deposition to a petition without a legally sufficient voir dire being conducted. Further, respondent argues that if the deponent is less than 12 years of age, as in the instant case, this triggers the additional requirement of CPL 60.20 (2) which requires the People to rebut the presumption that a child under age 12 cannot testify under oath unless the court is satisfied that the child understands the nature of the oath.
*221 Respondent relies on various Criminal Court decisions which interpret both CPL 100.30 and 60.20 (2) to require the People to demonstrate that a minor is competent to be sworn before a supporting deposition may be verified in a criminal proceeding. (See, People v Cortez, 140 Misc 2d 267 [Crim Ct, Queens County 1988]; People v Pierre, 140 Misc 2d 623 [Crim Ct, NY County 1988]; People v Phillipe, 142 Misc 2d 574 [Crim Ct, Kings County 1989]; People v King, 137 Misc 2d 1087 [Crim Ct, NY County 1988].)
In opposition to the motion, the People assert that the Family Court Act does not mandate a unique procedure for verification of a petition by a child. The verification procedure for Family Court delinquency proceedings is outlined in Family Court Act § 311.1 (4), which incorporates by reference the verification provisions of the Civil Practice Law and Rules. The People argue that legal sufficiency of a juvenile delinquency petition is governed solely by Family Court Act §§ 311.1 and 311.2, in that the petition is the sole instrument for the prosecution and adjudication of a juvenile delinquency proceeding. Further, the People argue that inasmuch as the Family Court Act sets forth no requirements for competency to sign a supporting deposition by a person under 12 years of age in delinquency proceedings, the Family Court is not bound by the Criminal Court rulings cited by respondent.
The People cite two Family Court and two Criminal Court decisions in support of their position: Matter of Robert T. (123 Misc 2d 550 [Fam Ct, Kings County 1984]); Matter of David C. (143 Misc 2d 203 [Fam Ct, Bronx County 1989]); People v Wiggans (140 Misc 2d 1011 [Crim Ct, Kings County 1988]); and People v Malone (140 Misc 2d 602 [Crim Ct, Kings County 1988]).
DISCUSSION
Respondent’s contention that a delinquency petition is legally insufficient if it is not properly verified in accordance with the CPL fails to distinguish between legal sufficiency of a petition and the requirement of formal verification of a supporting affidavit or deposition. Family Court Act § 311.2 outlines the requirements of a legally sufficient petition in a delinquency proceeding, i.e., that it conform to section 311.1; that the allegations of the petition and supporting deposition(s) provide reasonable cause to believe the respondent committed the crime(s) charged; and that every element of *222 each crime charged be supported by nonhearsay allegations. (Family Ct Act § 311.2 [3]; see, People v Alejandro, 70 NY2d 133 [1987]; Matter of David T., 75 NY2d 927 [1990].)
In contrast, the verification procedures for article 3 delinquency proceedings are outlined in Family Court Act § 311.1 (4), which provides: "A petition shall be verified in accordance with the civil practice law and rules and shall conform to the provisions of section 311.2.” A verification is a statement under oath that the pleading is true to the knowledge of the deponent, except as to matters alleged on information and belief, and that as to those matters he believes it to be true. (CPLR 3020.) CPLR article 30 does not include any express provisions for a child’s verification or affidavit.
Family Court Act § 343.1 codifies a presumption that a child under the age of 12 is presumptively ineligible to be sworn in a Criminal Court proceeding to give oral testimony, unless found qualified to be sworn by the court after a voir dire of the child. Family Court Act § 343.1 is coextensive with the provisions of CPL 60.20 regarding swearability and capacity of a child to testify under oath in open court, and does not address a child’s ability to verify a petition.
In Matter of Robert T. (supra), the Family Court held that the fact that a seven-year-old complainant was not competent to testify under oath at trial did not affect the validity of the complainant’s deposition for the purpose of commencing a delinquency petition. The court found no statutory authority requiring a person administering an oath on a written deposition in a delinquency proceeding to preliminarily examine the subscribing minor (under 12 years) to determine his/her capacity to comprehend the nature of the oath being administered. The court stated: "The sole function of the petition and supporting deposition is to commence a juvenile delinquency proceeding. Since a finding of juvenile delinquency may result in penal sanctions, it must be supported by sworn testimony adduced at trial. Since a finding of juvenile delinquency cannot be made solely upon the contents of the written deposition and petition, its execution need not be attended by any more ceremony or scrutiny than that afforded any other deposition executed in this State.” (Supra, at 551.)
The court in Matter of David C. (supra), relying on Matter of Robert T. (supra), held that the prosecutor was not required to file an affidavit concerning his voir dire of the child in order for the child’s deposition to be properly verified. The *223 court stated that because the Family Court may dispense with the formality of placing a child under oath and may take a child’s unsworn testimony in open court (Family Ct Act § 152 [b]) "a fortiori, the minor can sign a supporting deposition * * * Since the court can receive a minor’s unsworn statement in evidence it can treat the child’s purported deposition in this case as if it were an unsworn statement, even if a voir dire were required by CPL 60.20 and 100.40 as held in some of the criminal cases.” (Matter of David C., supra, at 205.)
CONCLUSIONS
The court finds that the respondent’s reliance on CPL 100.30 and 60.20, as well as the Criminal Court line of cases hereinabove cited, is misplaced. Family Court Act § 303.1 (1) states that "[t]he provisions of the criminal procedure law shall not apply to proceedings under this article unless the applicability of such provisions are specifically prescribed by this act.” Family Court Act § 303.1 (2) provides that the Family Court "may, however, consider judicial interpretations of appropriate provisions of the criminal procedure law to the extent that such interpretations may assist the court in interpreting similar provisions of this article.”
The court may interpret similar provisions, subject to the rules of statutory construction, where the CPL does not conflict with the expressed terms of the Family Court Act. However, under the general rules of statutory construction, "[w]here words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 76.)
There is a clear distinction between CPL 100.30 and Family Court Act § 311.1 with respect to subscription and verification of a petition. The Legislature in fashioning the Family Court Act specifically intended that a dichotomy be maintained between delinquency and Criminal Court proceedings in the area of verification and subscription. CPL 100.30 specifically outlines the procedures for verification of an information, misdemeanor complaint, felony complaint, supporting deposition and proof of service in criminal proceedings exclusively. Respondent’s argument that the child’s out-of-court verification in this juvenile delinquency proceeding is inherently suspect and requires the additional safeguard of a voir dire is not supported by the Family Court Act or case law.
*224 The verification of the within petition by thé five-year-old complainant in this matter satisfies the verification provision of Family Court Act § 311.1 (4). Furthermore, the court notes that the preliminary voir dire conducted by Mr. Stovall and his affidavit annexed to the petition were not required as a matter of law.
In view of the foregoing, respondent’s motion to dismiss the within juvenile delinquency petition is denied.