OPINION OF THE COURT
Titone, J.
In Matter of David T. (75 NY2d 927), we held that a juvenile delinquency petition that is supported in relevant part only by hearsay is jurisdictionally defective and must be dismissed because it does not meet the requirements of Family Court Act § 311.2 (3). The issue presented here is whether a similar defect in a juvenile delinquency petition constitutes a *461 basis for dismissal when the hearsay character of the facts alleged in the supporting deposition is not facially apparent but is discovered at some point in the course of the proceeding. Under such circumstances, we conclude that dismissal is not required.
Respondent Edward B. was charged with committing acts which, if committed by an adult, would constitute first degree robbery (Penal Law § 160.15 [2]) and several related offenses. The charges all arose out of an incident in which the 10-year-old complainant, Xiomara F., was accosted at knifepoint and forced to surrender a gold chain. The charges were embodied in a juvenile delinquency petition, accompanied by a supporting deposition which the complainant had signed under oath.
During the fact-finding hearing on this petition, the complainant testified that she had not written the deposition herself, but had instead merely related her story to the Assistant Corporation Counsel who had interviewed her. Following this testimony, a colloquy ensued regarding the preparation of the supporting deposition. The Assistant Corporation Counsel acknowledged that the complainant’s story had not been recorded verbatim, but rather had been supplemented with "sufficiently legal language to support the deposition.” Further, the complainant had not read or been read the deposition before signing it. Instead, the Assistant had merely "explained” its contents to her.
On the basis of this newly disclosed information, respondent’s counsel moved for dismissal, arguing that the petition was legally insufficient because the complainant who signed it did not have actual knowledge of its contents. The hearing court denied the motion on the grounds that the Assistant Corporation Counsel had "explained” the deposition to the complainant and that the complainant’s hearing testimony had "verified]” the deposition’s contents.
Respondent was subsequently found guilty of the charged misconduct and adjudicated a juvenile delinquent. On appeal from the dispositional order, the Appellate Division affirmed. With regard to the sufficiency of the supporting deposition, the Court stated that "[t]he fact that the statement of the infant deponent was transcribed by the presentment agency, in legal form, does not convert the factual allegations contained in the supporting deposition into hearsay” (177 AD2d 319). Further, the Court ruled, "the failure of the presentment agency to reread the contents of the supporting deposition to *462 the infant deponent [did not] invalidate the verification of the deposition” (supra, at 319-320, citing Matter of Robert T., 123 Misc 2d 550; see also, Matter of Parks, 78 Misc 2d 281, 287). The Appellate Division also addressed respondent’s argument, raised for the first time on appeal, that the capacity of the 10-year-old complainant to sign the supporting deposition under oath had not been properly established through a voir dire conducted before her signature was affixed. In response to defendant’s contention that this infirmity rendered the petition jurisdictionally deficient, the Court held that the absence of a contemporaneous inquiry was not fatal because the hearing court had subsequently determined that the young complainant had understood the nature of the oath when she had sworn to her deposition (compare, Matter of David C., 143 Misc 2d 203; Matter of Robert T., supra; and Matter of Parks, supra, with People v Page, 150 Misc 2d 627; People v Phillipe, 142 Misc 2d 574; People v Pierre, 140 Misc 2d 623; People v Cortez, 140 Misc 2d 267; see, Family Ct Act § 343.1 [2]; see also, CPL 60.20 [2]; 100.30 [2]).
Initially, we do not consider the propriety of the Appellate Division’s conclusion on the latter issue concerning the complainant’s capacity to execute a sworn deposition. Inasmuch as the claimed defect was not apparent from the face of the accusatory instrument, it was not the kind of nonwaivable "jurisdictional” flaw that this Court may consider even in the absence of a timely objection (cf., Matter of David T., supra; People v Alejandro, 70 NY2d 133). Accordingly, since the issue was not timely raised before the hearing court, the merits of this aspect of respondent’s claim cannot be reviewed in this Court.
A different problem is presented by respondent’s alternative claim that the supporting deposition was legally inadequate because the complainant was not made aware of its precise contents before she signed it. Although this contention too concerns a latent rather than a facial defect in the petition, review of its merits is not barred because, unlike respondent’s other appellate claim, this claim was, in fact, the subject of a motion to dismiss. Thus, this aspect of respondent’s argument has not been waived, and it is properly before the Court.
At the outset, we reject the Appellate Division’s assumption that the Assistant Corporation Counsel’s actions in editing and revising the complainant’s version of events before *463 transcribing it did not render the statements in the deposition hearsay. The statement contained in the deposition was not the complainant’s, but rather was the Assistant’s interpretation of what the complainant had told her. Thus, as in Matter of David T. (supra), the deposition here was in truth nothing more than a statement written by a law enforcement officer reporting what he or she has been told by an eyewitness — in other words, hearsay. The fact that, unlike in David T., the witness in this case actually signed the document does not alter the equation, since, as noted above, she had never read— nor been read — its contents, and thus she never learned what the document actually said.
Nonetheless, a serious question exists as to whether dismissal of the accusatory instrument is required in this situation. The question arises because, unlike the defect in Matter of David T. (supra), the claimed flaw in the petition here is not apparent from the face of the instrument itself. While that circumstance does not affect the question’s reviewability here, it does raise a substantive problem regarding the extent to which a latent deficiency in a juvenile delinquency petition constitutes an error requiring the petition’s dismissal even after the fact-finding phase of the proceeding has commenced.
Family Court Act §311.2 (3) provides that a juvenile delinquency petition, or a count thereof, "is sufficient on its face when * * * non-hearsay allegations of the factual part * * * or of any supporting depositions establish, if true, every element of each crime charged and the respondent’s commission thereof’ (emphasis supplied). By its express terms, this statute focuses on the facial validity of the petition. Further, Family Court Act § 315.1 (1) (a), which governs motions to dismiss the petition on procedural grounds, defines "defective petition[s]” to include those that do not "substantially conform to the requirements stated in [section] 311.2.” Thus, the relevant statutes support the conclusion that the Legislature intended to incorporate Family Court Act § 311.2’s standard of facial validity into its test for mandatory dismissal.
Another indication that only facial defects were intended to be considered in determining dismissal motions under Family Court Act § 315.1 (1) (a) may be found through an examination of the other provisions of that statute. Each of the other grounds for dismissal set forth in section 315.1 (1) involve defects and legal flaws that may be discerned from the face of the accusatory instrument (subd [1] [b] ["allegations demon *464 strate that the court does not have jurisdiction of the crime charged”]; subd [1] [c] ["statute defining the crime charged is unconstitutional or otherwise invalid”]). A fair inference can be drawn that a facial analysis was also all that was contemplated when subdivision (1) (a) was drafted.
To the extent that the provisions of the Family Court Act leave any room for doubt, the statute’s reference to "facial” sufficiency may be elucidated by examining its Criminal Procedure Law counterpart, CPL 100.40, on which Family Court Act § 311.2 was based (see, Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 311.2, at 340; see also, Matter of Gloria F., 127 Misc 2d 653; Matter of Rodney J., 122 Misc 2d 836). CPL 100.40 concerns the "facial sufficiency” of local criminal court accusatory instruments and contains requirements analogous to those prescribed by Family Court Act § 311.2. The Practice Commentary to this section notes that its "purpose * * * is to establish the legal concept of facial sufficiency for use in ensuing CPL provisions that make various types of procedural action[s] hinge upon whether a particular accusatory instrument is 'sufficient on its face’ ” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 100.40, at 255). The examples given include the issuance of a summons or arrest warrant (Preiser, op. cit., at 255; see, CPL 120.20, 130.30) and the dismissal of an information or a prosecutor’s information on grounds of defectiveness (see, CPL 170.35). In other words, CPL 100.40’s standards and its express reference to "facial” sufficiency were designed to enable the trial court to evaluate the adequacy of the accusation during the preliminary phases of the criminal action so that certain important pretrial decisions about the status of the defendant and the charges can be made.
By analogy to CPL 100.40, Family Court Act § 311.2 (3), may be seen as a legislative enactment whose purposes and effect are limited to the pretrial stages of the proceeding. The purpose of requiring nonhearsay allegations establishing every element of the charged crimes is to assure that there exists a sound and supportable basis for subjecting the accused to a trial (see, Matter of David T., 75 NY2d 927, 929, supra; see also, People v Alejandro, 70 NY2d 133, 137-138, supra). The need for such assurance is particularly acute at the outset of a juvenile delinquency proceeding, where there is no independent Grand Jury-like body to review the evidence and the petition is often the sole "instrument upon which the [ac *465 cused] is prosecuted” (see, People v Alejandro, supra, at 137).[1] On the other hand, once the pretrial stages of the proceeding have passed and the fact-finding stage has begun, there is no longer a pressing need for an accusatory instrument that complies with Family Court Act § 311.2 (3)’s requirements, since the accused has already been brought before the court and the witnesses are available to describe the case against the accused, in person and under oath. It follows that the need for — and the operative effect of — Family Court Act § 311.2 (3) are, at that point, dissipated. And, as the Legislature has foreseen, the limited, albeit important, purpose of the statute is amply served by facial compliance.
For all of these reasons, we hold that latent deficiencies in the accusatory instrument that are revealed during the trial or hearing do not provide a ground for mandatory dismissal under Family Court Act § 315.1 (1) (a). Neither the statutes establishing the criteria for accusatory instruments in juvenile delinquency proceedings nor the policies underlying those statutes suggest that an inquiry beyond the facial validity of the petition is necessary or even appropriate.[2] Since the petition in respondent’s case was sufficient on its face under the standards set forth in Family Court Act §§ 311.1 and 311.2, respondent’s midhearing motion to dismiss the petition was properly denied.
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Acting Chief Judge Simons and Judges Kaye, Hancock, Jr., Bellacosa and Smith concur.
Order affirmed, without costs.

. In certain limited circumstances, the Family Court may hold a probable cause hearing to determine whether there is sufficient evidence to hold a respondent in custody pending disposition of the charges (Family Ct Act § 325.1).

. We note, however, that practices such as occurred here, where the young complainant was permitted to sign a supporting deposition under oath despite the fact that she had never read or been read its exact contents, are not to be endorsed or condoned.