■ In the Matter of HENRY M., a Person Alleged to be a Juvenile Delinquent, Appellant. [599 NYS2d 291] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Cozier, J.), entered March 6, 1991, which, upon the admission of the appellant, found that he had committed an act, which, if done by an adult, would constitute the crime of unlawful imprisonment in the second degree, adjudged him to be a juvenile delinquent, and conditionally discharged him for a period of 12 months.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Attached to the petition were two supporting depositions, one signed by both the five-year old complainant and his mother, and the other by a Notary Public, who stated that he had determined, based on an interview, that the complainant understood the nature of an oath. The petition was signed and verified by an Assistant District Attorney.

The appellant erroneously relies upon criminal court cases which hold, based upon CPL 60.20 and 100.30, that a judicial determination must be made as to the competency of a child less than 12 years old to swear to the truth of a complaint *(see, e.g., People v Cortez,* 140 Misc 2d 267). Family Court Act § 303.1 (1) specifically provides that "[t]he provisions of the criminal procedure law shall not apply to proceedings under this article unless the applicability of such provisions are

specifically prescribed by this act". Family Court Act § 311.1 (4) states that a petition in a juvenile delinquency proceeding must be verified in accordance with the CPLR and must conform to Family Court Act § 311.2.

CPLR 3020 (d) (2) provides that where, as here, the party is the State, "the verification may be made by any person acquainted with the facts". CPLR 3020 (a) defines "verification" as "a statement under oath that the pleading is true to the knowledge of the deponent, except as to matters alleged on information and belief, and that as to those matters he believes to be true".

Here, the Assistant District Attorney swore that he had read the statements in the petition and knew the contents to be true to his knowledge, except as to matters stated to be alleged on information and belief and, as to those matters, he believed them to be true. The Family Court Act does not require that the delinquency petition be verified by the complainant (see, Matter of Latisha T., NYLJ, Aug. 5, 1991, at 26, col 5).

Notably, if an infant complainant is later determined to be incompetent to testify under oath at trial, the alleged juvenile delinquent is protected in that there must be sufficient corroboration or other sworn testimony to overcome the prohibition under Family Court Act § 343.1 (3) against a finding of delinquency based solely on unsworn testimony (see, Matter of David C., 143 Misc 2d 203; Matter of Robert T., 123 Misc 2d 550).

Accordingly, the lack of a judicial determination as to the competency of the complainant to take an oath does not warrant dismissal of the petition. Lawrence, J. P., O'Brien, Copertino and Santucci, JJ., concur.