OPINION OF THE COURT
Michael J. Miller, J.
Respondent has moved this court requesting dismissal of the petition in this matter as facially defective pursuant to Family Court Act § 315.1. Respondent argues that the petition is insuf *23 ficient because it does not contain nonhearsay allegations of fact which, if true, establish every element of the crimes charged and respondent’s commission of those crimes as required by Family Court Act §§ 311.1 and 311.2. Respondent’s motion is based on his argument that the supporting deposition does not supply the necessary nonhearsay allegations because it is inadequately signed and sworn to and because there was no inquiry into the capacity of the four-year-old complaining witness’s capacity to understand and swear an oath.
The presentment agency opposes the motion.
The facts relevant to respondent’s motion now before the court are undisputed. Respondent is alleged to have forcibly stolen a gold necklace from the neck of the four-year-old complaining witness. There were no other witnesses to the incident other than the complaining witness. The petition itself is signed only by the presentment agency and does not contain the necessary nonhearsay allegations of fact required by Family Court Act §§ 311.1 and 311.2. However, the supporting deposition, if adequately signed and sworn, does contain the necessary nonhearsay allegations of fact to meet the requirements of the Family Court Act. The signature line for the deponent of the supporting deposition contains an ‘X”. The ‘X” is clearly witnessed by the signature of the arresting officer. Immediately above the signature lines is the statement that “false statements MADE HEREIN ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SEC. 210.45 OF THE NEW YORK STATE PENAL LAW.”
The issue before the court is whether the supporting deposition is legally adequate in light of the fact that it is signed with an ‘X” by a four-year-old complainant without any indication as to the capacity of the complaining witness.
The court has reviewed the motion papers, the opposing papers submitted in this matter along with the case law submitted and has also independently reviewed the applicable body of case law on the issues presented to the court.
The court finds that the supporting deposition is legally adequate to fulfill the requirements of sections 311.1 and 311.2 of the Family Court Act requiring facial sufficiency. The Court of Appeals has held that only facial defects which are apparent from the face of an accusatory instrument require dismissal under Family Court Act § 315.1 (1) (a). (Matter of Edward B., 80 NY2d 458 [1992].) When this rule is applied to the facts in the case now before the court it is clear that the supporting deposition is facially sufficient. The ‘X” is a sufficient mark to *24 constitute the signature of the complaining witness. Any mark placed on a document with the intent to execute the document is a sufficient signature on the document. (General Construction Law § 46; see also, People v Kenrick, 162 Misc 2d 75 [Crim Ct, NY County 1994]; People v Burton, 156 Misc 2d 257 [Crim Ct, Queens County 1992] [both holding police officers’ shield numbers affixed on supporting depositions to be sufficient signatures].) In this instance the “X” is affixed to the deposition and witnessed by the police officer as the signature of the complaining witness. Thus, on its face the document comports with the legal requirements for a signed document. Issues going to the making of the “X” and the intent of the complaining witness when making the “X” are issues which can be raised at trial. (See, Matter of Edward B., supra.)
Likewise, the issue of the competency of this four year old to swear to the allegations contained in the supporting deposition is also a matter to be determined at trial. Pretrial dismissal of the petition for facial insufficiency is not required. (Matter of Nelson R., 90 NY2d 359 [1997]; Matter of Henry M., 194 AD2d 606 [2d Dept 1993]; Matter of David C., 143 Misc 2d 203 [Fam Ct, Bronx County 1989].)
As to the sufficiency of the verification of the supporting deposition, it is well established that a signature on a supporting deposition accompanied by a notice such as the one contained on this one is adequately verified and satisfies the requirements of Family Court Act § 311.1 (4) and § 311.2 (3). (Matter of Kishana B., 243 AD2d 561 [2d Dept 1997].)
In light of the above, when taken together, the petition and the supporting deposition fulfill the requirements of the Family Court Act as to the sufficiency of the petition on the papers in this case. (Family Ct Act §§ 311.2, 311.1; Matter of Jahron S., 79 NY2d 632 [1992].)
Respondent’s motion is dismissed.