People v Vaquero (2022 NY Slip Op 22001)

People v Vaquero

2022 NY Slip Op 22001 [74 Misc 3d 25]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, February 16, 2022

[*1]

The People of the State of New York, Appellant,
v
Marco Vaquero, Respondent.

Supreme Court, Appellate Term, First Department, January 4, 2022

APPEARANCES OF COUNSEL

Darcel D. Clark, District Attorney, Bronx (Paul A. Anderson of counsel), for appellant.

{**74 Misc 3d at 26} OPINION OF THE COURT
Per Curiam.

Order (Myrna Socorro, J.), dated January 3, 2019, reversed, on the law, defendant's speedy trial motion denied, information reinstated and matter remitted to Criminal Court for further proceedings.
By accusatory instrument dated September 3, 2018, defendant was charged with third-degree assault and second-degree harassment. On December 11, 2018, defendant moved to dismiss on speedy trial grounds, based upon his claim that the instrument was not timely converted to an information in the absence of a "proper" certificate of translation. The court granted the motion, finding that the People were never ready for trial because the certificate of translation that was filed did not comport with CPLR 2101 because it "was not notarized" and did not state the basis of the translator's "fluency in order to translate the document to the complaining witness." The People appeal and we now reverse.
The accusatory instrument needed no certificate of translation for conversion to an information. The face of the complaint, signed by the complainant Elizondo Vaquero, gave no indication that this document was translated for the complainant, or that he failed to read, have read to him, or understand the English-language document (see People v Slade, 37 NY3d 127, 138 [2021], affg 63 Misc 3d 161[A], 2019 NY Slip Op 50893[U] [App Term, 1st Dept 2019]; Matter of Edward B., 80 NY2d 458 [1992]; Matter of Shaquana S., 9 AD3d 466, 466-467 [2004]). Although a certificate of translation was filed "it was not referenced or incorporated in that document and therefore the certificate cannot be used to create a 'facial defect' otherwise undetectable on the face of the accusatory instrument" (People v Slade, 37 NY3d at 138).
In any event, the Court of Appeals has now made clear that "the CPL does not require a certificate of translation, let alone{**74 Misc 3d at 27} a certificate in any particular form, to create a facially sufficient instrument" (id. at 139). In situations where an accusatory instrument indicates that an [*2]accurate, verbatim translation occurred, and the complainant adopted the statement as his own by signing the instrument after the translation, "no further documentation, including a certificate of translation, [is] necessary for conversion" (id. at 141). CPLR 2101 (b) cannot be used to override those specific requirements (see Slade at 139; People v Douglas, 162 AD3d 1212, 1214 [2018], lv denied 31 NY3d 1147 [2018]).
Edmead, P.J., Hagler and Silvera, JJ., concur.