People v Parker (2022 NY Slip Op 50286(U))

[*1]

People v Parker (Rhonda)

2022 NY Slip Op 50286(U) [74 Misc 3d 135(A)]

Decided on March 17, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 17, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., ELIZABETH H. EMERSON, HELEN
VOUTSINAS, JJ

2019-1257 OR CR

The People of the State of New York,
Respondent,
against
Rhonda S. Parker, Appellant. 

Kelli M. O'Brien, for appellant.
Orange County District Attorney (Andrew R. Kass of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Newburgh, Orange County
(Richard Clarino, J.), rendered June 25, 2019. The judgment convicted defendant, after a nonjury
trial, of harassment in the second degree, and imposed sentence.

ORDERED that the judgment of conviction is reversed, as a matter of discretion in the
interest of justice, the accusatory instrument is dismissed, and the surcharge, if paid, is
remitted.
Insofar as is relevant to this appeal, on January 8, 2019, defendant was arraigned on a
misdemeanor complaint charging her with harassment in the second degree (Penal Law §
240.26 [1]), and a supporting deposition by the 14-year-old complainant, defendant's son, was
filed. The case was adjourned to March 19, 2019 for discovery and motion practice. In an
omnibus motion, returnable the same date, defendant moved for, among other things, suppression
of property and statements, and dismissal of the accusatory instrument on the grounds of facial
insufficiency, that her statutory right to a speedy trial had been violated, and in the interest of
justice. Thereafter, the Justice Court denied the branches of defendant's motion seeking dismissal
of the accusatory instrument and ordered that a combined Huntley/Mapp hearing be held.
By order dated April 22, 2019, following the hearing, the branches of defendant's motion seeking
suppression were denied. A nonjury trial was held on June 25, 2019, after which defendant was
convicted of harassment in the second degree. An affidavit of errors and the court's return were
subsequently filed.
Defendant argues first that the accusatory instrument was defective because the supporting
deposition was not sworn to by a competent individual, and was therefore unsworn; it does not
state that the complainant read the accusatory instrument and swore that its contents are true; and
it does not identify defendant by name.
In order for an information to be facially sufficient, the allegations of the factual part of the
information, together with those of any supporting depositions which may accompany it, must
provide reasonable cause to believe that the defendant committed the offense charged in the
accusatory part of the information (see CPL 100.40 [1] [b]), and the instrument must
allege nonhearsay allegations of fact of an evidentiary character that establish, if true, every
element of the offense charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Jones, 9 NY3d 259,
261-263 [2007]; People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70
NY2d 133 [1987]). The failure to meet these requirements is jurisdictional and can be asserted at
any time (see Casey, 95 NY2d at 363; Alejandro, 70 NY2d at 135), with the
exception of hearsay, which is waived if it is not timely raised by motion in the trial court (see People v Kalin, 12 NY3d 225
[2009]; Casey, 95 NY2d at 364-365). The law does not require that an information
contain the most precise words or phrases which most clearly express the thought; rather " '[s]o
long as the factual allegations of an information give an accused notice sufficient to prepare a
defense and are adequately detailed to prevent a defendant from being tried twice for the same
offense, they should be given a fair and not overly restrictive or technical reading' " (People v Konieczny, 2 NY3d 569,
575 [2004], quoting Casey, 95 NY2d at 360; see also People v Sedlock, 8 NY3d 535, 538 [2007]). In addition,
"reasonable inferences" should be drawn "from all the facts set forth in the accusatory
instrument" (People v Drelich, 32
NY3d 1032, 1033 [2018] [internal quotation marks omitted]).
CPL 60.20 (2) provides that there is a rebuttable presumption that a witness who is less than
nine years old is not competent to testify under oath, which presumption can be overcome by a
showing that the witness possesses sufficient intelligence and capacity to give testimony,
understands the nature of an oath, and appreciates the difference between truth and falsehood, the
necessity for telling the truth, and the fact that a witness who testifies falsely may be punished
(see CPL 60.20 [2]; People v Morales, 80 NY2d 450 [1992]). This evidentiary
rule, however, "applies only to a witness actually testifying under oath" (People v Hetrick, 80
NY2d 344, 350 [1992]; People v
Delossantos, 62 Misc 3d 141[A], 2019 NY Slip Op 50071[U] [App Term, 1st Dept
2019], lv denied 33 NY3d 1030 [2019]), and does not apply to the verification of a
supporting deposition by a 14-year-old child (see generally Matter of Gregory J., 209
AD2d 191 [1994]; Delossantos, 2019 NY Slip Op 50071[U]).
Moreover, there is no merit to defendant's argument that, since a 14-year-old child cannot be
held criminally liable (see Penal Law § 30.00 [1]), the statement that the
complainant signed, to the effect that he could be subject to punishment for a class A
misdemeanor in the event his statement is false (see Penal Law § 210.45), is
inconsequential. We note that the form notice pursuant to Penal Law § 210.45 is made so
that the person subscribing to the document knows that he or she must tell the truth and can be
punished if he or she does not. Even though minors may not be held criminally responsible for
violating Penal Law § 210.45, they can still be adjudicated juvenile delinquents pursuant to
Family Court Act § 301.2 (1) if they violate that [*2]section
(see People v Wiggans, 140 Misc 2d 1011 [Crim Ct, Kings County 1988]; People v
Malone, 140 Misc 2d 602 [Crim Ct, Kings County 1988]). Thus, the absence of a criminal
sanction does not diminish the efficacy of the statement pursuant to Penal Law § 210.45, as
a sanction remains, albeit in the form of a Family Court proceeding, and notwithstanding that the
forms of punishment for the violation may not be coextensive with those provided in the Penal
Law. In view of the foregoing, the supporting deposition signed by the complainant satisfied the
requirements of CPL 100.30 (1) (d) (see
People v Turpin, 8 Misc 3d 128[A], 2005 NY Slip Op 50970[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2005]; see also Delossantos, 2019 NY Slip Op 50071[U]).

The accusatory instrument provides defendant's name and her address, which is where the
incident took place at about 11:42 p.m. on December 28, 2018. The factual allegations of the
accusatory instrument alleged by the deponent police officer "on information and belief, the
source being, A Supporting Deposition By The Victim," state that defendant "did with intent to
harass, annoy and alarm another person did strike and subject the victim to physical contact. The
defendant did strike her child . . . Parker aged 14 years of age with a towel across the face and did
physically insert the towel into the victim's mouth." Although the complainant's supporting
deposition does not provide defendant's name, the complainant refers to "my mom" and states
"my Mother's house." He also provides his date of birth and describes an incident that took place
on December 29, 2018 at about 12:10 a.m., during which his mother used a towel to "smack[]"
him across the face and "shoved [it] into [his] mouth."
It is clear from the accusatory instrument and supporting deposition that defendant and the
complainant share the same last name, and the address the complainant provides for his mother is
the same as defendant's address, permitting an inference that defendant is the individual referred
to as "my mom" in the supporting deposition. Furthermore, the towel incident is described in
both the accusatory instrument and the supporting deposition (see e.g. Drelich, 32 NY3d
at 1032-1033; People v Jackson, 18
NY3d 738, 741 [2012]). Thus, we find that the factual allegations contained in the
accusatory instrument and supporting deposition, given a fair and not overly restrictive or
technical reading, provided defendant notice sufficient to prepare a defense and was adequately
detailed to prevent defendant from being tried twice for the same offense (see Sedlock, 8
NY3d at 538; Konieczny, 2 NY3d at 575; Casey, 95 NY2d at 360). Consequently,
the accusatory instrument is not jurisdictionally defective.
Defendant argues, pursuant to CPL 30.30, that the People had to be ready for trial within 30
days, and that all of the time from the January 8, 2019 arraignment through the June 25, 2019
trial is chargeable to the People, as the accusatory instrument was not properly converted to an
information due to the unverified supporting deposition. Since harassment in the second degree,
a violation, was the only crime charged in the accusatory instrument, the People had 30 days
within which to announce their readiness for trial (see CPL 30.30 [1] [d]; see also
People v Lomax, 50 NY2d 351, 356 [1980]). In her omnibus motion, defendant's statutory
speedy trial claim was limited to the time period of January 8, 2019 to March 19, 2019 and,
therefore, her present argument concerning the additional time period of March 19, 2019 to June
25, 2019 is unpreserved for appellate review (see People v Beasley, 16 NY3d 289, 292-293 [2011]), and will not
be considered by this court. At the arraignment on January 8th, the case was adjourned for
discovery and motion practice to March 19th, which period is a reasonable period of delay and
[*3]thus excludable pursuant to CPL 30.30 (4) (a). As no time is
chargeable to the People for the time period of January 8th to March 19th, defendant's statutory
speedy trial motion was properly denied. In any event, the People filed an off-calendar statement
of readiness on January 14, 2019 and, therefore, the most the People could have been charged
with would have been the six days from January 8th to January 14th.
While defendant argued in her affidavit of errors that the verdict was against the weight of
the evidence, she did not make this argument on appeal and we do not consider it as such (see e.g. People v Witkop, 114 AD3d
1242, 1243-1244 [2014]). Nevertheless, in the exercise of our "broad and discretionary
power . . . to correct any situation which casts a doubt upon the proper functioning of the courts
in the administration of justice" (People v Kidd, 76 AD2d 665, 668 [1980], quoting
People v Ramos, 33 AD2d 344, 348 [1970]; see CPL 470.15 [3] [c]), we reverse
the judgment of conviction and dismiss the accusatory instrument, in the interest of justice
(see CPL 470.15 [3] [c]). This case, given its unique circumstances "is one of those rare
cases where it would be inappropriate to sustain the conviction" (People v Mitchell, 99
AD2d 609, 610 [1984]), as "the evidence. . . leaves us with a very disturbing feeling that guilt has
not been satisfactorily established; that there is a grave risk that an innocent [person] has been
convicted" (People v Gioeli, 288 AD2d 488, 489 [2001] [internal quotation marks
omitted]).
In view of the foregoing, we pass on no other issue.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is
dismissed.
GARGUILO, J.P., EMERSON and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 17, 2022