OPINION OF THE COURT
D. Bruce Crew, III, J.
Defendant moves for dismissal of plaintiff’s complaint on the grounds that it is barred by the applicable Statute of *427 Limitations and that it fails to state a cause of action. Plaintiff cross-moves for summary judgment on the second cause of action, for leave to amend the complaint as to the first cause of action and to strike the affirmative defenses.
The essential facts in this action are not in dispute. On March 25, 1980 the defendant certified the signatures of Richard and Barbara Kurtz on an unlimited guarantee for the indebtedness of Campbell & Strong Greenhouses, Inc. (hereinafter CSG) to Marine Midland Bank. Some years later the bank made two loans to CSG, on January 13, 1983 and February 1, 1983, respectively, and in September of 1987 CSG defaulted on both. The bank commenced an action in January of 1988 against CSG and the guarantors of the debt. One of the guarantors, Barbara Kurtz, defended the action by claiming that she had not signed the guarantee agreement. The bank enlisted the services of a handwriting expert who allegedly found that Barbara Kurtz had not signed the guarantee agreement. The bank, after ascertaining that its initial efforts of collection would not be successful, commenced this action on February. 24, 1989 against the notary who allegedly certified the signature of Ms. Kurtz. The complaint in this action alleges fraud as a first cause of action and notarial misconduct in violation of Executive Law § 135 as a second cause of action.
As to the second cause of action, the defendant contends that the applicable Statute of Limitations is six years and accrued when defendant certified the signature of Barbara Kurtz on March 25, 1980 or, at the latest, when the bank made the loans. Plaintiff concurs that the six-year Statute of Limitations applies to a violation of Executive Law § 135, but contends that the cause of action accrued when the bank was damaged in September of 1987 when CSG defaulted on the loans. By that rationale, the plaintiff would have this court adopt a discovery rule with regard to accrual.
CPLR 203 provides that the time within which an action must be commenced shall be from the time the cause of action accrued, unless otherwise expressly prescribed. There is nothing contained in CPLR article 2 or in the Executive Law that prescribes a rule other than that provided for in section 203. While a strict application of section 203 to this case may seem harsh, the Court of Appeals has consistently refused to embrace a general discovery rule in Statute of Limitations jurisprudence (e.g., National Life ins. Co. v Hall & Co., 67 NY2d 1021; Thornton v Roosevelt Hosp., 47 NY2d 780; *428 Schmidt v Merchants Desp. Transp. Co., 270 NY 287). Plaintiff urges, however, that if discovery is not the criteria to be used in a notarial misconduct case the action was nevertheless timely sued, since plaintiff was unable to sue until it was able to state the elements of the cause of action which would entitle it to legal relief (Aetna Life & Cas. Co. v Nelson, 67 NY2d 169) and it could not do that until it was damaged. Plaintiff contends that it was damaged in September of 1987 when CSG defaulted on its loans.
Section 135 of the Executive Law creates a cause of action for persons injured by reason of notarial misconduct. By its very language there is no cause of action absent injury. Therefore, it follows that the misconduct is not the triggering factor for computation of the Statute of Limitations, but rather the injury. This is not unlike strict products liability where the wrongful act for which a person may sue is that of a manufacturer putting defective products into the stream of commerce. However, the Statute of Limitations does not begin to run with the doing of the wrongful act, but upon injury to a plaintiff whenever that may occur (Victorson v Bock Laundry Mach. Co., 37 NY2d 395). However, even this analysis is of no avail to plaintiff. Plaintiff was injured when it parted with its money in reliance on the guarantee. That was on January 14, 1983 and February 1, 1983, respectively. On each of those occasions plaintiff suffered an injury and a cause of action accrued. Therefore, plaintiff’s cause of action as to the notarial misconduct is time barred since it was interposed more than six years after the loans were made.
As to the cause of action for fraud, the defendant contends that if the plaintiff is alleging constructive fraud it is barred by a six-year Statute of Limitations, if actual fraud then the complaint fails to state a cause of action and, finally, that the plaintiff cannot allege fraud merely to extend a time-barred cause of action for notarial misconduct.
A cause of action for constructive fraud would indeed be barred by the six-year Statute of Limitations since it would have accrued at the time the alleged fraud was committed on March 25, 1980 (CPLR 213 [1]; Dybowski v Dybowska, 146 AD2d 604). This court, however, does not find that the plaintiff has alleged constructive fraud in the complaint. The elements of a cause of action for actual fraud are: (1) a representation; (2) as to a material fact; (3) which was false; (4) and known by defendant to be false; (5) made to induce another to rely on it; (6) the representation was relied upon; (7) in ignorance of *429 falsity; (8) to the injury of the relying party (Brown v Lockwood, 76 AD2d 721). In the case at bar, plaintiff has alleged that defendant made a representation that Barbara Kurtz signed the guarantee, which was false and he knew it to be false; that the representation was made to induce others to rely upon it; that the bank did rely upon it in ignorance; and that the bank was injured. The plaintiff has properly alleged scienter and stated a cause of action for actual fraud.
Finally, the defendant alleges that the bank’s allegations as to fraud are in essence the same as the notarial misconduct allegations and that the actual fraud two-year discovery accrual time is being used merely to avoid the Statute of Limitations applicable to Executive Law § 135. In Brick v Cohn-Hall-Marx Co. (276 NY 259) plaintiff and defendant entered into a contract. The plaintiff claimed that the defendant fraudulently failed to comply with the terms of the contract thereby damaging plaintiff. The court held that the allegations of fraud were utilized merely to avoid the contract Statute of Limitations. The court observed that plaintiff’s cause of action arose out of a claimed breach of contract and it made no difference whether the breach occurred by reason of negligence, willfulness or fraud, the six-year contract Statute of Limitations applied. In discussing Brick, the court in Powers Mercantile Corp. v Feinberg (109 AD2d 117, 120) observed that "[w]here the alleged fraud is merely 'the means of accomplishing the breach and add[s] nothing to the causes of action’, the Statute of Limitations applicable to fraud claims will not control.” In the case at bar, this court does not find that the actual fraud claim is a guise in order to take advantage of a favorable Statute of Limitations. The plaintiff has alleged a claim of fraud and it is not founded solely on notarial misconduct. Notarial misconduct can be for the willful, fraudulent or negligent activity of a notary (Independence Leasing Corp. v Aquino, 133 Misc 2d 564) whereas the elements of actual fraud necessitate knowledge of a false representation with intent that it be relied upon. That has been alleged herein and those allegations constitute a separate and distinct cause of action, though admittedly related to the notarial misconduct.
As to amendment of the complaint, the general rule is that leave to amend shall be freely given on terms deemed just. The defendant did not oppose the amendment request and this court does not find that it will prejudice the defendant by granting the motion. The plaintiff’s motion for leave to amend *430 is granted. The defendant’s motion for dismissal is granted as to the second cause of action. The plaintiffs cross motion to strike the affirmative defenses of Statute of Limitations and laches is granted. No costs are awarded. Submit order within 60 days of the date of this decision pursuant to section 202.48 of the Uniform Rules for Trial Courts (22 NYCRR).