■ GORDON PARKS, Appellant, v EMANUEL GREENBERG et al., Respondents.—Order of the Supreme Court, New York

County (Harold Tompkins, J.), entered on or about January 16, 1990, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

At approximately 11:00 A.M. on October 19, 1988, a fire broke out in the bedroom of defendants' apartment, located at 860 United Nations Plaza, which caused smoke, heat and water damage to possessions in plaintiff's apartment below. Plaintiff sued defendants for their alleged negligence in causing the fire by smoking in bed, and in failing to promptly report the fire. Defendants' motion for summary judgment was supported by the affidavit of Mrs. Greenberg denying that she or her husband were smoking in bed and asserting that they heard a "loud pop" in the bedroom while they were having coffee in the kitchen, after which the fire was immediately discovered.

Fire Marshal Felder, who investigated the fire, listed its cause in his official report as "sparks from exploding light bulb communicating to the bed mattress." At his disposition, Felder stated that he found no evidence that the fire was started by smoking in bed. Supervising Fire Marshal Schiffer concurred that there was no evidence that the fire was started by smoking in bed. Battalion Chief Hanley stated in his deposition that the fire was caused by a short circuit in a wall outlet. Defendants' expert, Matthew Conlon, a former Deputy Chief Fire Marshal for the New York City Bureau of Fire Investigation, reviewed all the deposition testimony and official reports and opined that the fire was started either by a short circuit or an exploding light bulb. He also pointed out that, based on the official investigation reports, the only delay was caused by the failure of the elevators at the scene, requiring the firefighters to walk up five flights of stairs.

Against this presentation by the defendants, plaintiff's counsel offered his own hypothesis that burns, reportedly suffered by Mr. Greenberg while trying to extinguish the fire with a pot of water, might actually have been sustained by him while lying in bed, and suggested that the true cause of the fire was appropriately a question for the jury.

In opposing a motion for summary judgment, a party must present evidentiary facts sufficient to raise a triable factual issue (*Zuckerman v City of New York*, 49 NY2d 557). "Mere conclusory assertions, devoid of evidentiary facts, are insuffi-

cient for this purpose, as is reliance upon surmise, conjecture or speculation. The affirmation of counsel, without knowledge of the facts, has no probative value on such a motion" *(Smith v Johnson Prods. Co.,* 95 AD2d 675, 676; *see also, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Plaintiff's opposing papers are insufficient to raise any factual issues. Accordingly, summary judgment dismissing the complaint was properly granted to defendants *(Valenti v Purdy,* 71 AD2d 1019). Concur—Sullivan, J. P., Rosenberger, Asch and Rubin, JJ.