■ JULIA S. MATOS, Respondent-Appellant, v BRONEY GADMAN et al., Appellants-Respondents.—In an action, inter alia, to impose a constructive trust on the assets of the corporate defendants, and to recover damages for breach of contract, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Hand, J.), entered September 21, 1989, as granted the plaintiff's motion for a preliminary injunction and denied their motion to dismiss the plaintiff's second and third causes of action, and the plaintiff cross-appeals, as limited by her brief, from so much of the order as conditioned the preliminary injunction on the plaintiff's posting of an undertaking in the amount of $250,000.

Ordered that the order is modified, on the law, by dismissing the plaintiff's third cause of action only to the extent that it asserts an implied contract for payment for personal services to the defendant Gadman; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff's complaint alleged that she and the defendant Gadman began living together "in a manner equivalent to husband and wife" in 1978 and that Gadman had promised to marry her as soon as he obtained a divorce from his current wife. The complaint in essence alleged that the parties entered into an oral partnership agreement to be "equal economic partners", that they jointly formed various corporations for their mutual benefit, and that they were to share equally in the assets of the corporations. The plaintiff then alleged that she had acted as both corporate secretary and financial controller for the corporate defendants on a full-time basis and performed all household services for the couple in furtherance of the agreement and with the expectation that she would be compensated for her services. While the plaintiff

admitted that she received a salary from the corporations, she claimed that her salary did not fully compensate her for all the services she performed.

The complaint additionally alleged that while Gadman was the president and sole shareholder of each corporate defendant, he made representations to the plaintiff that the ownership of the corporations, as well as their success or failure, were to be shared equally by the parties. It was claimed that the plaintiff performed all the services mentioned, including household services to Gadman, in reliance on these representations. The plaintiff alleged that based on the agreement and Gadman's representations, she was the rightful owner of one-half of the assets of the corporations. The plaintiff also made various allegations of fraud, undue influence, and breach of fiduciary duty on the part of Gadman.

When the plaintiff was discharged from her employment with the corporate defendants in May 1989, she commenced this action to recover damages for breach of contract, the imposition of a constructive trust, and recovery in quantum meruit based on an implied agreement to be compensated for her services to Gadman and the corporate defendants.

Construing the complaint in a light most favorable to the plaintiff, we conclude that the plaintiff has asserted sufficient facts to establish a cause of action for the imposition of a constructive trust (see, Sharp v Kosmalski, 40 NY2d 119; Cohn v Lionel Corp., 21 NY2d 559, 562; Kober v Kober, 16 NY2d 191; Artache v Goldin, 133 AD2d 596). Thus, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the plaintiff's second cause of action. However, since New York courts have declined to recognize an action based upon an implied contract for personal services between unmarried persons who live together, the court should have dismissed the plaintiff's third cause of action to the extent that it asserted an implied agreement to recover for personal services rendered to the defendant Gadman (see, Morone v Morone, 50 NY2d 481). The plaintiff may still assert an implied agreement to recover for services rendered to the corporate defendants.

The granting of a preliminary injunction to the plaintiff was proper for the reasons stated by the Supreme Court, and the amount of the undertaking was not excessive. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.