■ FRIESCH-GRONINGSCHE HYPOTHEEKBANK REALTY CREDIT CORPORATION, Plaintiff, v 123 WEST 88TH ASSOCIATES, L.P., Also Known as 123 WEST 88TH STREET ASSOCIATES, L.P., et al., Defendants. 123 WEST 88TH ASSOCIATES, L.P., et al., Third-Party Plaintiffs-Appellants, v FGH APPRAISAL SERVICES, INC., Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (Carol E. Huff, J.), entered March 23, 1992, which granted third-party defendant's motion for summary judgment dismissing the third-party complaint, and denied third-party plaintiff's cross motion for disclosure pursuant to CPLR 3212 (f), unanimously affirmed, with costs.

We agree with the IAS Court that third-party defendant's submission made a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate that its appraisal was based on an inspection of the building in question and relevant market conditions. The burden thus shifted to third-party plaintiff to produce evidentiary proof in admissible form sufficient to raise material issues of fact bearing on whether the appraisal was negligently or fraudulently prepared. This third-party plaintiff failed to do, the affirmation of its counsel, without knowledge of the facts surrounding the preparation of the appraisal

report, being of no probative value *(see, Parks v Greenberg,* 161 AD2d 467, 468, *lv denied* 76 NY2d 712). Moreover, counsel's affirmation, while complaining that the appraiser ignored the income approach in assigning a value to the building, does not address the clearly stated reasons given in the report why the market data approach was generally to be preferred to the income approach when it came to Manhattan apartment buildings—reasons that were in fact applicable to the building in question because of third-party plaintiff's obligation under its mortgage loan with plaintiff to diligently proceed with a conversion.

Concerning the cause of action for fraud, third-party plaintiff does not identify any misrepresentations of fact by third-party defendant, and, moreover, was on notice that the appraisal report reflected only an opinion based on certain information and assumptions. Concur—Murphy, P. J., Wallach, Ross and Asch, JJ.