OPINION OF THE COURT
Per Curiam.
Plaintiff commenced this action pursuant to Judiciary Law § 487, alleging that, in a prior negligence suit by plaintiff, defendant law firm Leahey & Johnson committed fraud upon the trial court by knowingly submitting affidavits on behalf of the defendants therein which were notarized by defendant Lynch, whose notary public commission had, at that time, expired. Based on the information contained in those documents, Supreme Court dismissed plaintiff’s negligence action on the defendants’ summary judgment motion. Plaintiff’s previous attempts to have the judgment against him in the prior action vacated were rebuffed on the theory that Lynch’s defective notarization of the affidavits did not constitute fraud *164 and. was an official act of a notary public validated by Executive Law § 142-a.
In plaintiff’s present Judiciary Law § 487 action, Supreme Court granted defendants’ motion to dismiss the complaint on the same ground. The court also imposed sanctions on plaintiff and his attorney under 22 NYCRR 130-1.1 on the ground that the judgment in the prior action put plaintiff and his attorney on notice that the present action was frivolous, having no basis in law or fact. The Appellate Division affirmed the dismissal of the complaint, but reduced the amount of the sanctions imposed.
As plaintiff argues, Executive Law § 142-a does not bar a fraud action against a notary-attorney brought pursuant to both Judiciary Law § 487 and Executive Law § 135, which respectively address attorney and notary misconduct.* Executive Law § 142-a merely provides that the expiration of a notary’s term shall not invalidate that notary’s official certificates and other acts, such as administering oaths and taking depositions (see, Executive Law § 142-a [2] [b], [c], [d], [f]). The statute, which was intended to allow the public to rely on the presumption of validity attached to a notary’s certificate (see, 1958 Report of NY Law Rev Commn, 1958 NY Legis Doc No. 65 [E], at 5, reprinted in 1958 McKinney’s Session Laws of NY, at 1723), does not expressly preclude suits for damages predicated on a notary-attorney’s misconduct in knowingly submitting defective documents to a court. Indeed, the legislative history of the statute specifically indicates that section 142-a was not intended to relieve notaries public from criminal liability for official misconduct (id., 1958 McKinney’s Session Laws of NY, at 1726), thereby demonstrating that section 142-a was not meant to provide an impenetrable shield against actions predicated on deceitful conduct.
Nonetheless, plaintiff’s fraud action was properly dismissed on the merits. Although plaintiff’s allegations and supporting affidavits state that defendant Lynch knowingly notarized and filed documents with a lapsed notary commission in an effort to deceive the court as to those documents’ *165 authenticity, his complaint was deficient because its allegations on the issue of damages were merely conclusory (see, CPLR 3016 [b]). The pleadings and affidavits do not support the conclusion that plaintiff would have been successful in the negligence case absent Lynch’s alleged fraud. Indeed, section 142-a validated those defectively notarized documents, and Supreme Court’s reliance upon them in dismissing the earlier action was proper.
Finally, although plaintiff’s complaint was properly dismissed, the courts below abused their discretion in imposing sanctions. Supreme Court imposed sanctions against plaintiff and his attorney on the ground that the suit brought pursuant to Judiciary Law § 487 and Executive Law § 135 lacked any basis in law or fact, was "frivolous” and was brought to "harass” within the meaning of 22 NYCRR 130-1.1. The Appellate Division agreed that sanctions were warranted on the ground that Executive Law § 142-a did not provide a legal basis for plaintiff’s fraud claim. However, plaintiff’s claim, that Executive Law § 142-a did not bar a suit for a notary-attorney’s misconduct under Judiciary Law § 487 and Executive Law § 135, is correct. Although plaintiff cannot prevail on the merits of his fraud cause of action, bringing that claim was not an abuse of judicial process approaching sanctionable conduct.
Accordingly, the order of the Appellate Division should be modified by vacating the award of sanctions and, as so modified, affirmed.
Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion; Judge Smith taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified, without costs, in accordance with the opinion herein and, as so modified, affirmed.

 Judiciary Law § 487 (1) establishes criminal liability for an attorney who is guilty of "deceit or collusion, with intent to deceive the court or any party,” and authorizes an injured party to recover treble damages in a civil suit against such an attorney.
Executive Law § 135 provides that a notary shall be liable for all damages due to misconduct in the performance of official duties.