■ GORDON PARKS, Appellant, v EMANUEL GREENBERG et al., Respondents. [599 NYS2d 573] —Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered March 8, 1991, which dismissed the complaint and awarded defendants $1047.45 in costs, and bringing up for review an order of the same court and Justice, dated September 17, 1990, denying plaintiff's motion to vacate an order granting defendants summary judgment dismissing the complaint, unanimously affirmed, with costs.

An order granting defendants summary judgment dismissing the complaint having been previously affirmed by this Court (161 AD2d 467, *mot to dismiss appeal granted* 76 NY2d 888, *lv denied* 76 NY2d 712), plaintiff now seeks to reinstate his complaint on the ground that the commission of the

notary who took the signatures on the opposing affidavits had expired. While plaintiff is correct in his assertion that an improper notarization can serve as the basis for a fraud action, his position is otherwise plainly at odds with the explicit statement of the Court of Appeals, in an action emanating from this one, that the affidavits in question are nonetheless valid under Executive Law § 142-a (2) (d) and that plaintiff cannot prevail on the merits of his fraud claim *(Parks v Leahey & Johnson,* 81 NY2d 161). Moreover, the affiants themselves have submitted additional affidavits attesting to the truth of the matters asserted in the originally submitted affidavits. Here, unlike the situation in *Four Star Stage Light. v Merrick* (56 AD2d 767), where the contents of affidavits were changed by an attorney, the improper notarization could not have deceived the court on the merits.

In view of the foregoing and the vexatious satellite litigation that plaintiff and his counsel continue to pursue *(see, Parks v Leahey & Johnson, supra),* the modest sanction imposed was appropriate. Concur—Carro, J. P., Ellerin, Rubin and Nardelli, JJ.