■ In the Matter of ZANE MAYS et al., Appellants, v CITY OF NEW YORK, Respondent. In the Matter of STARRE ABDULLAH et al., Appellants, v CITY OF NEW YORK, Respondent. [620 NYS2d 333] —Orders, Family Court, New York County (Judith Sheindlin, J.), entered September 22, 1993 and September 27, 1993, dismissing petitioners' applications pursuant to Family Court Act § 236 for special education services, including tuition and transportation costs, provided or expected to be provided by United Cerebral Palsy of New York City, Inc. (UCP), unanimously affirmed, without costs.

The petitions were properly dismissed because of UCP's

admitted practice of having parents or guardians sign blank petitions and then subsequently filling in material information and notarizing the parent's or guardian's signature in his or her absence. The official form for a section 236 petition, prescribed by 22 NYCRR 205.7, contains a notarized verification attesting to the accuracy of the information in the petition, disregard for which cannot be deemed a mere defect in form given the presumption of validity associated with notarized documents (see, Parks v Leahey & Johnson, 81 NY2d 161, 164). Many of the petitions herein were replete with misinformation or untrue allegations upon which the City and Family Court relied. Concur—Rosenberger, J. P., Ellerin, Ross, Rubin and Williams, JJ.