■ MICHAEL RASTELLI et al., Plaintiffs, v BARBARA GASSMAN et al., Defendants, and RUTH BREIMOEN et al., Third-Party Plaintiffs-Appellants. JOEL B. GOODMAN, Third-Party Defendant-Respondent. [647 NYS2d 253] —In an action, *inter alia,* pursuant to RPAPL article 15 to set aside a recorded deed, the defendants third-party plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Polizzi, J.), dated September 29, 1995, which granted the third-party defendant's motion to dismiss the third-party complaint, and (2) a judgment of the same court dated December 1, 1995, which is in favor of the third-party defendant and against them dismissing the third-party complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof which dismissed the third-party complaint insofar as asserted on behalf of the third-party plaintiffs Ruth Breimoen, Gracie A. Trapani, and Angela Caserta; as so modified, the judgment is affirmed, so much of the order dated September 29, 1995, as granted the branch of third-party defendant's motion which was to dismiss the third-party complaint insofar as asserted on behalf of Ruth Breimoen, Gracie A. Trapani, and Angela Caserta is vacated, and the third-party complaint is reinstated as to those third-party plaintiffs; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

In 1979 June Rastelli died intestate. At the time of her death the decedent owned real property in Queens. In 1988 the defendant Benjamin Rastelli, Sr. (hereinafter the defendant), in his capacity as Administrator of the estate of his deceased wife, executed a quitclaim deed conveying the property to himself individually. In 1989 the appellants, Dewey Petrone and Margaret Panarello, loaned money to the defendant and received a mortgage on this property. On March 8, 1990, a "confirmatory" deed was allegedly executed by all the distributees of June Rastelli's estate confirming the transfer of the property to the defendant. In April 1990 the appellants, Ruth Breimoen, Gracie A. Trapani, and Angela Caserta, loaned money to defendant and also received a mortgage on the property.

In 1994 two of the distributees of the estate brought an action against, *inter alia,* the defendant and the appellants to set aside the transfer of the property on the ground that they never executed the 1990 deed. In 1995 the appellants brought a third-party action for notarial misconduct against Joel Goodman, the notary who notarized all of the signatures contained on that 1990 deed. The appellants contend that the respondent is liable to them for any damages they may incur as a result of the plaintiffs' action to set aside the deeds and mortgages.

There is no cause of action for notarial misconduct absent injury and there can be no injury unless a plaintiff can demonstrate that he or she relied to his or her detriment upon the alleged misconduct of the notary (*see,* Executive Law § 135; *Maloney v Stone,* 195 AD2d 1065; *Amodei v New York State Chiropractic Assn.,* 160 AD2d 279, *affd* 77 NY2d 890; *Marine Midland Bank v Stanton,* 147 Misc 2d 426; *Independence Leasing Corp. v Aquino,* 133 Misc 2d 564).

We agree that the appellants Petrone and Panarello could not have relied to their detriment upon the respondent's allegedly false notarization of the deed dated March 8, 1990, since their loan to the defendant was made on April 10, 1989, more than one year before the allegedly falsely notarized deed was even executed. Furthermore, an action for notarial misconduct must be commenced within six years from the time the cause

of action accrued (*Independence Leasing Corp. v Aquino, supra*, at 572). Since the third-party complaint was not commenced until April 21, 1995, it was untimely because the appellants' cause of action accrued more than six years earlier, on April 10, 1989, the date they executed their mortgage with the defendant (*Independence Leasing Corp. v Aquino, supra*, at 572).

However, the third-party complaint should not have been dismissed insofar as it was asserted on behalf of the appellants Breimoen, Trapani, and Caserta. The mortgage between the defendant and these appellants was executed on April 4, 1990, or one month after the March 8, 1990, deed was executed. Moreover, these appellants allege that they were shown this deed at the mortgage closing, and it appears that this mortgage and the 1990 deed were thereafter both recorded on the same day, April 16, 1990. Under these circumstances, and construing the third-party complaint in a light most favorable to these appellants, the third-party complaint sufficiently states a cause of action for notarial misconduct on their behalf (*see generally, Kober v Kober,* 16 NY2d 191; *Matos v Gadman,* 173 AD2d 442). Nor is their cause of action barred by the Statute of Limitations since it was commenced within six years from the date their mortgage was executed. Bracken, J. P., Santucci, McGinity and Luciano, JJ., concur.