In an action to recover damages for attorney misconduct and notarial misconduct, the defendant Lynne S. Sobel appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated July 9, 2002, as denied that branch of her motion which was for summary judgment dismissing the amended complaint insofar as asserted against her, and the plaintiff separately appeals from so much of the same order as granted the separate motion of the defendant Michael A. Coscia to dismiss the first cause of action in the amended complaint insofar as asserted against him.
Ordered that the order is modified by deleting the provision thereof denying that branch of the motion of the defendant *407 Lynne S. Sobel which was for summary judgment dismissing the amended complaint insofar as asserted against her and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, and the action against the remaining defendants is severed; and it is further,
Ordered that one bill of costs is awarded to the defendant Lynne S. Sobel.
The Supreme Court properly granted summary judgment dismissing the plaintiffs first cause of action sounding in attorney misconduct against the defendant Michael A. Coscia on the ground that it is barred by the doctrine of collateral estoppel. It is well settled that the doctrine of collateral estoppel precludes a party from relitigating an issue which was previously decided against him or her in a proceeding in which he or she had a fair opportunity to fully litigate the issue (see Kaufman v Lilly & Co., 65 NY2d 449 [1985]). To invoke the doctrine, it must be shown that the identical issue must have been decided in the prior action and be decisive of the present action, and the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination (id.). The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue (id.).
Coscia demonstrated that the issue of damages resulting from the alleged attorney misconduct was litigated in prior Family Court proceedings. In a prior Family Court proceeding, the plaintiff sought costs and sanctions against both Coscia and his law firm resulting from an allegedly frivolous contempt petition brought by Coscia and his law firm on behalf of the plaintiffs former wife. The Family Court found the contempt petition to be frivolous and imposed sanctions. Thereafter, the plaintiff moved again in the Family Court for costs and an award of an attorney’s fee. The Family Court denied that relief. In this action, the plaintiff again seeks to recover costs and an attorney’s fee resulting from the frivolous contempt petition. Based on these facts, the Supreme Court properly determined that the plaintiff is barred from seeking costs and an attorney’s fee since he previously sought this relief before the Family Court.
However, the Supreme Court should have granted that branch of the motion of the defendant Lynne S. Sobel which was for summary judgment dismissing the complaint insofar as asserted *408 against her. There is no cause of action for notarial misconduct absent injury (see Amodei v New York State Chiropractic Assn., 160 AD2d 279 [1990]; Rastelli v Gassman, 231 AD2d 507 [1996]). A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]). Sobel demonstrated the absence of a triable issue of fact. Therefore, the motion was sufficient to make out a prima facie case for summary judgment (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Zuckerman v City of New York, supra). In opposition, the plaintiff failed to raise a triable issue of fact. Prudenti, P.J., Smith, Friedmann and H. Miller, JJ., concur.