■ KLIO PLEMMENOU, Formerly Known as KLIO ADAMOP-OLOUS, Appellant, v EUGENE ANNINOS, Respondent. [785 NYS2d 120]—

In an action, inter alia, to recover damages pursuant to Executive Law § 135 for misconduct by a notary public, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated May 29, 2003, as granted that branch of the defendant's motion which was to dismiss the first cause of action in the amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the first cause of action in the amended complaint is denied, and that cause of action is reinstated.

The plaintiff alleged that the defendant, a notary public, is liable to her for damages arising from his misconduct under Executive Law § 135, because he notarized a signature on a power of attorney purporting to be hers, but which in fact was not. She alleged that at the time of the notarization, she was residing in Greece. The power of attorney was executed in favor of the plaintiff's former husband, Konstantinos Adamopolous (hereinafter Adamopolous). The plaintiff alleged that Adamopolous used it to convey certain real property the plaintiff owned to a third party.

As relevant to this appeal, the defendant moved to dismiss the first cause of action brought pursuant to Executive Law § 135. Citing this Court's decision in *Rastelli v Gassman* (231 AD2d 507 [1996]), the defendant argued that in order to state a claim under the statute, a plaintiff must allege detrimental reli-

ance on the notary's misconduct. He further argued that in this case, the plaintiff did not, and could not, allege or prove such reliance. Thus, she could not state a claim under the statute. The Supreme Court agreed with the defendant, and dismissed the Executive Law § 135 cause of action.

The plaintiff in the instant case occupies a different position from the parties seeking to recover damages pursuant to Executive Law § 135 in *Rastelli v Gassman (supra)*. She is the one whose signature allegedly was forged, not one to whom the allegedly forged signature was to be presented. Accepting the plaintiff's allegations as true, the whole point of her former husband's scheme was to keep her unaware of it. She could never prove reliance on the notary's alleged misconduct because, by the very design of the plan, she was not meant to know of it. We cannot conclude based on that circumstance that the plaintiff cannot recover, under Executive Law § 135, where she appears to be within a class of persons the Legislature clearly meant to protect.

On the facts of this case, the defendant's interpretation of Executive Law § 135 is not supported either by the statute's language or by *Rastelli v Gassman (supra)*. The plaintiff sufficiently alleged "misconduct by a notary public" in the performance of his duties that caused her damage (Executive Law § 135). Accordingly, that branch of the motion which was to dismiss the first cause of action in the amended complaint should have been denied. H. Miller, J.P., Crane, Spolzino and Fisher, JJ., concur.