■ WELLS FARGO BANK, N.A., Respondent, v KELLY SHERWOOD et al., Defendants, and MARC A. LEBOWITZ, Appellant. [917 NYS2d 910]—

In its amended complaint, the plaintiff asserted a cause of action alleging notarial misconduct against the defendant Marc A. Lebowitz (hereinafter the defendant), a notary public, claiming that, without requisite knowledge as to the true identity of the signator, the defendant notarized a signature on a durable power of attorney form which was subsequently presented to the plaintiff. The defendant moved for summary judgment dismissing the amended complaint insofar as asserted against him, and the Supreme Court, inter alia, denied his motion. We affirm the order insofar as appealed from.

Executive Law § 135 provides, in pertinent part, that "[f]or any misconduct by a notary public in the performance of any of his [or her] powers such notary public shall be liable to the parties injured for all damages sustained by them." Here, in moving for summary judgment, the defendant failed to establish, prima facie, the absence of any triable issue of fact concerning whether he committed misconduct by notarizing a forged signature on the subject durable power of attorney form (*see Plemmenou v Anninos*, 12 AD3d 657, 657-658 [2004]; *Maloney v Stone*, 195 AD2d 1065, 1068 [1993]) and, if so, whether his notarial misconduct caused injury to the plaintiff (*see Plemmenou v Anninos*, 12 AD3d at 658; *Laing v Cantor*, 1 AD3d 406, 408 [2003]; *Rastelli v Gassman*, 231 AD2d 507, 508 [1996];

*Maloney v Stone*, 195 AD2d at 1068; *Amodei v New York State Chiropractic Assn.*, 160 AD2d 279, 282 [1990]). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against him, without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Covello, J.P., Lott, Roman and Miller, JJ., concur.