■ CHICAGO TITLE INSURANCE COMPANY, as Subrogee of Joy S. Perla and Others, Appellant, v TERRENCE THEOPHILIUS LAPIERRE, Respondent. [961 NYS2d 237]—

In a subrogation action, inter alia, to recover damages pursuant to Executive Law § 135 for misconduct by a notary public, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Kurtz, Ct. Atty. Ref.), entered March 28, 2012, as, upon a decision of the same court dated December 30, 2011, made after a nonjury trial, is in favor of the defendant and against it dismissing the second cause of action.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the second cause of action is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The plaintiff subrogee, inter alia, seeks to recover damages pursuant to Executive Law § 135 for misconduct by a notary public. The second cause of action alleged that the defendant, a notary public, engaged in misconduct in violation of Executive Law § 135, causing damages to the subrogors which were recoverable by the plaintiff. After a nonjury trial, the Supreme Court, inter alia, determined that the defendant had engaged in notarial misconduct. However, it nevertheless dismissed the second cause of action on the ground that the plaintiff failed to demonstrate that the subrogors detrimentally relied on the defendant's conduct.

Executive Law § 135 provides, in relevant part, that "[f]or any misconduct by a notary public in the performance of any of his powers such notary public shall be liable to the parties injured for all damages sustained by them." Thus, the plain language of the statute does not require a showing of detrimental reliance (*compare Parks v Leahey & Johnson*, 81 NY2d 161, 164 n [1993]). Rather, a plaintiff seeking to recover under that

section need only show that the notary engaged in notarial misconduct and that such misconduct was a proximate cause of the plaintiff's injury (*see Plemmenou v Anninos*, 12 AD3d 657, 658 [2004]; *accord Wells Fargo Bank, N.A. v Sherwood*, 82 AD3d 758, 758-759 [2011]; *Maloney v Stone*, 195 AD2d 1065, 1068 [1993]; *Amodei v New York State Chiropractic Assn.*, 160 AD2d 279, 282 [1990], *affd* 77 NY2d 891 [1991]).

Here, the Supreme Court properly concluded that the defendant engaged in notarial misconduct (*see Plemmenou v Anninos*, 12 AD3d at 658; *Maloney v Stone*, 195 AD2d at 1068). However, in dismissing the second cause of action, the Supreme Court relied upon this Court's decision *Rastelli v Gassman* (231 AD2d 507, 508-509 [1996]) for the proposition that a plaintiff must show detrimental reliance upon the notary's conduct. In *Rastelli*, the gravamen of the notarial misconduct cause of action dismissed by this Court was that two of the appellants had been defrauded into making a mortgage loan by a falsely-notarized "confirmatory" deed. Since this "confirmatory" deed was not executed until after the loan was made, this Court concluded that these two lenders could not have relied to their detriment on the false notarization.

The broad legal statement employed in *Rastelli*, indicating that detrimental reliance is a required element in notarial misconduct cases, is applicable to the facts of that case and should be confined to cases with analogous facts (*see e.g. Clark v Dodge*, 269 NY 410, 417 [1936]). Accordingly, where, as in *Rastelli*, the species of notarial misconduct asserted is fraud against the plaintiff, the plaintiff may be required to demonstrate detrimental reliance in order to satisfy the causal element contained in Executive Law § 135 (*see Mars v Grant*, 36 AD3d 561, 562 [2007]). Where, however, a plaintiff is asserting a different species of misconduct or a different causal theory, causation may be demonstrated without a showing of detrimental reliance (*see e.g. Plemmenou v Anninos*, 12 AD3d at 657-658). Thus, in *Plemmenou v Anninos* (12 AD3d at 657), this Court concluded that a showing of detrimental reliance was not required to state a cause of action to recover damages for notarial misconduct where the plaintiff was unaware that her former husband had allegedly forged her signature on a power of attorney and did not allege that the defendant, who notarized her purported signature, had defrauded her.

Contrary to the determination of the Supreme Court, this Court's decision in *Plemmenou* was not premised on the conclusion that "[d]etrimental reliance can be demonstrated where the plaintiff suing for notarial misconduct is the party [whose]

forged signature was notarized." Rather, that case turned on the application of Executive Law § 135 to a different set of factual allegations. Those allegations did not include an assertion that the plaintiff had been defrauded by the notarized signature and, consequently, detrimental reliance was not necessary to prove causation. Instead, the causation element was satisfied by the assertion that the notarial misconduct had resulted in the conveyance of her property without her consent (*see Plemmenou v Anninos*, 12 AD3d at 657).

In this case, the plaintiff alleged that the defendant's misconduct resulted in the recording of a forged deed which caused the subrogors to sustain damages. The plaintiff did not assert that the subrogors had been defrauded by the allegedly forged signature. The theory of causation, as in *Plemmenou*, was that the notarial misconduct facilitated actions by third parties which resulted in damages to the subrogors. As in *Plemmenou*, detrimental reliance could never be shown because, "by the very design of the plan, [the subrogors were] not meant to know of it" (*id.* at 658).

Here, given the theory of liability alleged in the complaint and the evidence adduced at trial, the plaintiff was not obligated to demonstrate detrimental reliance (*see* Executive Law § 135; *Plemmenou v Anninos*, 12 AD3d at 658). Accordingly, the Supreme Court erred in dismissing the second cause of action to recover damages for notarial misconduct on the ground that the plaintiff failed to demonstrate that the subrogors detrimentally relied on the defendant's conduct.

In light of its determination, the Supreme Court did not make any determination, under the proper standard, as to whether the plaintiff's notarial misconduct caused the subrogors damages which were recoverable by the plaintiff in this action (*see generally Green Apple Mgt. Corp. v Aronis*, 95 AD3d 826, 827 [2012]). Under the circumstances of this case, the matter must be remitted to the Supreme Court, Kings County, for a determination as to whether the plaintiff's notarial misconduct caused the subrogors damages which were recoverable by the plaintiff in this action.

In light of the foregoing, we need not address the defendant's remaining contention. Angiolillo, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.