■ GWEN CREE, Respondent, v LEIGHTON CREE, Appellant.— In an action for a divorce and ancillary relief, the defendant

husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Weiner, J.), dated July 5, 1988, as (1) granted the plaintiff wife's motion for leave to enter a judgment against him for arrears in maintenance in the sum of $13,153.32, and (2) denied so much of his cross motion as sought a money judgment against the plaintiff for expenses incurred as the result of her allegedly improper failure to vacate the former marital residence.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant's contention that the plaintiff was required to maintain a plenary action to obtain enforcement of certain financial provisions of the parties' stipulation of settlement is without merit. Although the "incorporation by reference" language contained in the proposed judgment of divorce was stricken before the judgment was signed *(see,* Domestic Relations Law § 244), such language was unnecessary here, as the judgment of divorce contained decretal paragraphs embodying the financial provisions of the stipulation which the plaintiff now seeks to enforce in the confines of this matrimonial action *(cf., Baker v Baker,* 66 NY2d 649).

Moreover, the defendant's claim for expenses incurred by him as the result of the plaintiff's allegedly improper failure to vacate the former marital residence was properly denied, as the judgment of divorce contains no provision authorizing the payment of such expenses.

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Eiber and Spatt, JJ., concur.