■ In the Matter of EDWARD B., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition, Family Court, Bronx County (Gloria Sosa-Lintner, J.), entered April 4, 1991, which adjudicated appellant a juvenile delinquent upon a finding that he committed acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree, robbery in the third degree, grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree, criminal possession of a weapon in the fourth degree, petit larceny, and menacing, and placing appellant with the Division for Youth, Title III, for eighteen (18) months, unanimously affirmed, without costs.

The ten year old complainant in the present case swore to the factual allegations of the supporting deposition which accompanied the petition. *(See,* Family Ct Act § 311.1 [4].) The fact that the statement of the infant deponent was transcribed by the presentment agency, in legal form, does not convert the factual allegations contained in the supporting deposition into hearsay. Nor does the failure of the presentment agency to reread the contents of the supporting deposi-

tion to the infant deponent invalidate the verification of the deposition. *(See, Matter of Robert T.,* 123 Misc 2d 550; *see also, Matter of Parks,* 78 Misc 2d 281, 287.)

We find no infirmity in the capacity of the infant complainant, who testified under oath at the hearing, to verify the petition. There is no relevant statutory authority requiring the person administering the oath on the written deposition in the present case to have preliminarily examined the deponent to determine her capacity to comprehend the nature of the oath. The failure of the presentment agency in the present case to make any further examination of the deponent does not require the conclusion that the infant deponent did not understand the nature of the oath. The hearing court found that the deponent understood in general terms what the deposition stated, and that when swearing to the deposition, she understood the nature of an oath. We find no basis to disturb that determination.

We have examined appellant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Milonas, Asch and Kassal, JJ.