■ KARLENE O'HAGAN, Also Known as KARLENE CONROY, Respondent, v EDWARD J. O'HAGAN, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated August 27, 1985, the defendant husband appeals from an order of the Supreme Court, Suffolk County (Geiler, J.), dated January 30, 1992, which denied his motion to vacate (1) his default in opposing a motion by the plaintiff wife, and (2) a judgment of the same court, dated November 21, 1989, entered upon his default.

Ordered that the order is modified, as a matter of discretion, by granting the motion to vacate the appellant's default as to all issues except the issue of the plaintiff's relocation to Florida, and denying the motion with respect to the issue of the plaintiff's relocation to Florida, and the judgment dated November 21, 1989, entered upon his default, with the exception of the eighth decretal paragraph thereof which permits the plaintiff to relocate to Florida, is vacated; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The plaintiff wife and the defendant husband were married on September 28, 1968, and have three children. The parties were divorced in 1985, pursuant to a judgment of divorce and stipulation of settlement which was not merged into the judgment. In June 1989 the wife moved, *inter alia,* to hold the husband in contempt for his failure to comply with certain provisions of the divorce judgment and stipulation of settlement. The husband defaulted in opposing the wife's motion, and following an inquest conducted in his absence, the Supreme Court, *inter alia,* found the husband in contempt of court for failing to maintain health insurance, life insurance, and educational endowment policies for the benefit of the children. One month later, the husband moved to vacate his default, contending that he had a reasonable excuse for his failure to appear in court on the scheduled date of the hearing, and a meritorious defense to the wife's contempt application. In support of his motion, the husband emphasized that he had acted *pro se* in opposing the wife's contempt motion. He further noted that he had never received the notice of inquest sent by the wife's attorney because a wrong zip code had been used, and the post office return indicated that the notice was unclaimed. The Supreme Court subsequently denied the husband's motion, concluding that he had failed to establish a reasonable excuse for his default.

The Supreme Court improvidently exercised its discretion in denying, in its entirety, the husband's motion to vacate his default. Although the record indicates that the court twice granted the husband adjournments before conducting the hearing in his absence, it is undisputed that the husband never actually received the notice of inquest mailed by the wife's attorney. Moreover, the record discloses the existence of a meritorious defense to that portion of the wife's motion which sought to hold the husband in contempt of court for the violation of certain provisions of the stipulation of settlement which were not contained in the parties' divorce judgment *(see, King v King,* 124 Misc 2d 946, 948; 21 NY Jur 2d, Contempt § 25). Taking into consideration the liberal policy in vacating defaults in matrimonial actions *(see, Mann v Mann,* 149 AD2d 669; *Singer v Singer,* 136 AD2d 695), under the circumstances of this case we conclude that the husband should be relieved of his default. Accordingly, the matter is remitted to the Supreme Court, Suffolk County, for a new hearing with respect to all aspects of the wife's motion, except relocation. We decline, however, to vacate the provision of the default judgment which granted the plaintiff wife permission

to relocate to Florida with the children. In view of the fact that the wife and the children have resided in Florida for nearly three years, a rehearing on this issue would not be in the best interests of the children and would be unduly prejudicial to the wife. Moreover, we note that the parties' oldest child has reached the age of majority, and the parties' middle child will reach the age of 18 years within one year. Thus, the issues of custody and visitation are largely academic. Bracken, J. P., Harwood, Balletta and Eiber, JJ., concur.