■ MARILYN GUERRIERE, Respondent, v JOHN T. GUERRIERE, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated November 17, 1987, the defendant former husband appeals from an order of the Supreme Court, Nassau County (Roberto, J.), entered January 14, 1991, which, *inter alia,* (1) denied that branch of his motion which was to vacate two prior orders of the same court, dated September 14, 1990, and May 10, 1990, respectively, which granted the plaintiff former wife's motion to hold him in contempt for failure to comply with the parties' judgment of divorce and authorizing his commitment for his contempt, upon his default in opposing the motion, and (2) directed his commitment forthwith.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant's motion is granted to the extent that the contempt orders dated September 14, 1990, and May 10, 1990, are vacated.

Prior to their divorce, the parties entered into a comprehensive agreement distributing their assets. The agreement, executed July 14, 1987, provided, *inter alia,* that the parties would enter into a lease whereby the defendant would rent office space at the former marital residence so that he could continue his chiropractic practice at that location. The agreement further provided, in relevant part, that the defendant would pay to the plaintiff a "base rent" of $2,000 per month in lieu of maintenance, and that this obligation would continue for a period of five years notwithstanding a termination of the lease "for any reason whatsoever". A judgment of divorce subsequently was entered in the action. The judgment required that the defendant "shall pay to the [wife] a base rent of $2,000.00 per month as rent for his office, which shall be in lieu of all * * * maintenance", and also provided that the agreement executed on July 14, 1987, "shall survive and shall not be merged" in the judgment. Significantly, the judgment did not require the defendant to continue the monthly payments for a five-year period even if the lease were terminated.

It is undisputed that the defendant complied with his "rent" obligation until the latter portion of 1989, when he was required to discontinue his practice at the premises pursuant to local zoning regulations. Consequently, despite the clear and unequivocal terms of the July 14, 1987, agreement, the defendant discontinued the monthly payments. The plaintiff then moved to hold him in contempt of the divorce judgment *(see,* Domestic Relations Law § 245), which ultimately resulted in the issuance of two orders, dated May 10, 1990, and

September 14, 1990, respectively, holding the defendant in contempt for his violation of the obligation to continue "rent" payments. The defendant subsequently moved, *inter alia,* to vacate those orders, but the Supreme Court denied the motion and directed that he be committed to jail forthwith for contempt. We reverse and vacate the contempt orders.

The defendant is correct in contending that he could not be held in contempt for his failure to continue the monthly payments. It is axiomatic that "[t]o sustain a finding of * * * contempt based on an alleged violation of a court order it is necessary to establish that a lawful order of the court clearly expressing an unequivocal mandate was in effect" *(Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 70 NY2d 233, 240; *see, Matter of McCormick v Axelrod,* 59 NY2d 574; *O'Hagan v O'Hagan,* 187 AD2d 494; *Graham v Graham,* 152 AD2d 653). The finding of contempt in this case based upon the defendant's failure to comply with the divorce judgment is erroneous, inasmuch as that judgment did not contain any provision requiring him to continue payments for a specified period even if the lease were terminated. Moreover, while the July 14, 1987, agreement did contain such a provision, it was not set forth at length in the judgment, nor did the divorce judgment incorporate the relevant terms of the agreement by reference. Hence, the judgment did not express an unequivocal mandate that the defendant continue to pay "rent" once the lease was terminated, and the defendant could not be held in contempt for his failure to do so.

Similarly, we agree with the defendant that the wife could not seek to enforce the defendant's obligation to pay "rent" of $2,000 per month pursuant to the terms of the parties' agreement by a motion in the matrimonial action, as that obligation was not set forth or incorporated by reference in the judgment *(see,* Domestic Relations Law § 244; *Baker v Baker,* 66 NY2d 649; *Vale v Vale,* 146 AD2d 696; *Petritis v Petritis,* 131 AD2d 651; *cf., Cree v Cree,* 156 AD2d 419). Sullivan, J. P., Balletta, Eiber and Santucci, JJ., concur.