■ In the Matter of GREGORY J., a Person Alleged to be a Juvenile Delinquent, Appellant. [618 NYS2d 282] —Order of disposition, Family Court, Bronx County (Stewart Weinstein, J.), entered August 13, 1993, modified by order of the same court and Justice entered January 7, 1994, adjudicating appellant a juvenile delinquent upon a finding that he committed acts which, if committed by an adult, would constitute the crime of sexual abuse in the first degree, and placed him with the Division for Youth for a period of 18 months, unanimously affirmed, without costs.

Viewing the evidence in a light most favorable to the presentment agency (see, People v Contes, 60 NY2d 620), we find that the evidence was legally sufficient to support the fact-finding order. Issues of credibility, and the weight to be accorded to evidence presented, are primarily for the trier of fact who saw and heard the witnesses, and whose determination is entitled to great weight on appeal (Matter of William J., 203 AD2d 144). Under the circumstances of this case, we decline to disturb the fact-finding determination.

We reject appellant's contention, raised for the first time on appeal, that the juvenile delinquency petition was jurisdictionally deficient because the complainant's supporting deposition was notarized by a Notary Public whose notary stamp indicated that her commission had expired several months prior. Appellant did not contest the sufficiency of the verification for one and a half years and thus any infirmity in this regard must be deemed waived (Executive Law § 142-a [3]).

Nor do we find merit to appellant's argument that the petition was jurisdictionally deficient because neither the court nor the Notary had preliminarily examined the six-year old complainant to determine his capacity to comprehend the nature of the oath on his written deposition. Although Family Court Act § 343.1 (2) precludes a child less than 12 years old from testifying under oath unless the court has determined that the child understands the nature of an oath, there is no similar prerequisite for a deposition that is to be used to support a delinquency petition (Matter of Edward B., 177 AD2d 319, 320, affd on other grounds 80 NY2d 458; Matter of Henry M., 194 AD2d 606, lv granted 82 NY2d 657, appeal withdrawn 83 NY2d 963). Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.