*206 OPINION OF THE COURT
Sarah L. Krauss, J.
The defendant, Lyudmila Kudrov, has moved by order to show cause to reargue the decision and order of this court dated February 23, 2005 which denied defendant’s motion to enforce certain provisions of a separation agreement that had been incorporated into a judgment of divorce dated July 8, 1997. In its prior determination this court ruled that the separation agreement was void and therefore unenforceable because it had not been properly acknowledged pursuant to Domestic Relations Law § 236 (B) (3). For the reasons that follow this court grants reargument and upon reargument finds that the separation agreement is enforceable. Accordingly, the defendant is entitled to move for enforcement of the judgment.
Background
The parties were married on August 26, 1992. On December 21, 1996 the parties entered into a written separation agreement which provided for the equitable distribution of their marital property. On January 21, 1997 the plaintiff commenced an action for divorce which was uncontested and resulted in a judgment of divorce entered July 8, 1997. The agreement was incorporated, but did not merge into the judgment of divorce.[1]
The defendant subsequently moved, in December 2004, to enforce a paragraph of the separation agreement which provided for joint ownership and equal sharing of all profits from two taxicab corporations which were being managed by the plaintiff.[2] The plaintiff opposed the motion and argued that the separa *207 tion agreement was void and unenforceable because it failed to comply with the acknowledgment requirement of Domestic Relations Law § 236 (B) (3).[3]
In reply the defendant made three arguments, to wit: (1) the judgment of divorce, which had been entered over seven years previously, was final and binding despite any potential problem with the underlying separation agreement; (2) the judgment and agreement which it incorporated should be enforced because the plaintiff had ratified, relied upon and acknowledged those documents on numerous occasions; and (3) that Domestic Relations Law § 236 (B) (3) was inapplicable because the agreement at issue was a stipulation that terminated the litigation and not a marital agreement entered into prior to the litigation.
In its decision and order dated February 23, 2005, this court rejected the defendant’s first two arguments and held that because the separation agreement was acknowledged in Florida by a New York notary, the agreement was void ab initio and therefore unenforceable. The court also rejected the defendant’s third argument and held that the separation agreement was a marital agreement subject to the acknowledgment requirements of Domestic Relations Law § 236 (B) (3) because it was executed before the matrimonial action was commenced.[4]
The defendant now moves, pursuant to Civil Practice Law and Rules § 2221 to reargue this court’s decision which denied enforcement of the judgment. The defendant moves to reargue on the following grounds: (1) pursuant to Executive Law § 142-a, the defective acknowledgment of the separation agreement in Florida by a New York attorney does not invalidate the *208 acknowledgment; (2) the judgment is binding, whether or not the agreement is valid; and (3) that proof, by certification dated March 25, 2005, of one of the subscribing witnesses to the separation agreement, Howard A. Bernier (who was also the attorney that prepared the agreement), establishes the validity of the agreement pursuant to Real Property Law § 304. The defendant also requests counsel fees pursuant to Domestic Relations Law § 238.
Although termed a motion to reargue, because the third ground for reargument actually involves new facts not offered on the prior motion, it will be separately considered as a motion to renew.
Legal Discussion
Motion to Reargue
CPLR 2221 (d) states in relevant part that a motion to reargue
“1. shall be identified specifically as such;
“2. shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; and
“3. shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry.”
Ground for Reargument Based upon Executive Law § 142-a
In its prior decision, this court held that the separation agreement was void because it was improperly acknowledged in the State of Florida by a notary public who was only empowered to certify and receive acknowledgments within New York State.[5] Although not cited in the defendant’s prior motion, Executive Law § 142-a appears to validate the official certificates and other acts of notaries public despite certain specified defects. The statute itself was enacted to allow the public to rely on the presumption of validity attached to a notary’s certificate. (See, Parks v Leakey & Johnson, 81 NY2d 161, 164 [1993], citing 1958 Report of NY Law Rev Commn, 1958 NY Legis Doc No. 65 [E], at 5, reprinted in 1958 McKinney’s Session Laws of NY, at 1723.)
Executive Law § 142-a states in relevant part that:
“1. Except as provided for in subdivision three of *209 this section, the official certificates or other acts of notaries public and commissioners of deeds heretofore or hereafter and prior to the time of their acts appointed or commissioned as such shall not be deemed invalid, impaired or in any manner defective, so far as they may be affected, impaired or questioned by reason of defects described in subdivision two of this section.
“2. This section shall apply to the following defects:
“(a) ineligibility of the notary public or commissioner of deeds to be appointed or commissioned as such;
“(b) misnomer or misspelling of name or other error made in his appointment or commission;
“(c) omission of the notary public or commissioner of deeds to take or file his official oath or otherwise qualify;
“(d) expiration of his term, commission or appointment;
“(e) vacating of his office by change of his residence, by acceptance of another public office, or by other action on his part;
“(f) the fact that the action was taken outside the jurisdiction where the notary public or commissioner of deeds was authorized to act.
“3. No person shall be entitled to assert the effect of this section to overcome a defect prescribed in subdivision two if he knew of the defect or if the defect was apparent on the face of the certificate of the notary public or commissioner of deeds; provided however, that this subdivision shall not apply after the expiration of six months from the date of the act of the notary public or commissioner of deeds.” (Emphasis added.)
Based upon the foregoing language it is clear that Executive Law § 142-a (2) (f) applies to the certificate of acknowledgment in the instant matter. Any objection the plaintiff may have had with regard to the original defect in the certificate of acknowledgment was waived after six months. (Executive Law § 142-a [3]; see also Matter of Gregory J., 209 AD2d 191 [1st Dept 1994] [appellant waived any objection to the complainant’s supporting deposition, which had been notarized by a notary public whose term had expired, where he failed, for one and a half years, to contest the defect].) Accordingly, after reargument, this court *210 holds that the separation agreement is valid and enforceable. The plaintiff in this case has failed to raise any issue regarding the defective acknowledgment for over eight years and may not now be permitted to raise any such infirmity in defense of the defendant’s motion to enforce the separation agreement as incorporated into the judgment of divorce.
Ground for Reargument Based upon Finality of Judgment
The judgment of divorce entered on July 8, 1997 ordered, inter alia, that the agreement
“entered into between the parties on December 21, 1996 which is attached to and incorporated in this judgment by reference, shall survive and not be merged in this judgment, and the parties hereby are directed to comply with every legally enforceable term and provision of such Stipulation ... as if such term or provision were set forth in its entirety herein.”
In its prior decision this court deemed the separation agreement void ab initio, and therefore unenforceable. Accordingly, pursuant to the terms of the judgment the plaintiff was not required to comply with the terms of an unenforceable agreement. However, this court has concluded, after reargument, that the separation agreement is valid and enforceable. Therefore, the defendant may properly seek to enforce, by post-judgment motion, the provisions of the agreement which have been incorporated into the judgment of divorce. (See, Domestic Relations Law §§ 244, 245; Luisi v Luisi, 6 AD3d 398 [2d Dept 2004]; cf., Guerriere v Guerriere, 188 AD2d 583 [2d Dept 1992] [plaintiff could not enforce terms of parties’ agreement by post-judgment motion because the terms of the agreement had neither been set forth or incorporated by reference into the judgment].)
Moreover, inasmuch as the plaintiff never moved to vacate or appeal the judgment of divorce which incorporated the terms of the parties’ agreement, this court’s determination that the judgment was unenforceable may have been premature, notwithstanding any defects to the agreement itself. (See, e.g., Rainbow v Swisher, 72 NY2d 106 [1988] [absent unusual or explicit statutory authorization, the provisions of a final judgment of divorce, issued by a court having both subject matter and personal jurisdiction, are final and binding on the parties and may be modified only by direct challenge].)
In addition, although not raised in either the underlying motion or the motion to reargue, the plaintiff may be precluded *211 from contesting that the separation agreement was not, in fact, a stipulation of settlement, as characterized in the judgment of divorce. Both the First and Second Departments have held that an agreement which settles a matrimonial action is exempt from the statutory formalities of Domestic Relations Law § 236 (B) (3) and will be upheld as valid and enforceable if it complies with CPLR 2104.[6] CPLR 2104 states as follows:
“An agreement between parties and their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered.”
The agreement in this case was clearly subscribed by both parties and ultimately reduced to the form of a judgment through incorporation of its terms. Therefore, if the parties’ agreement is indeed a stipulation of settlement, then it is valid, binding and enforceable.
In Rainbow v Swisher (supra), the Court of Appeals held that where there is a conflict between a settlement agreement and the decretal provisions of a later divorce judgment, the judgment will govern. In that case, the defendant had argued that the parties’ settlement agreement did not survive as a separately enforceable contract because its terms stated that it would merge into the judgment of divorce. However, the judgment of divorce provided that the terms of the agreement would be incorporated and not merge into the decree. The Court of Appeals ruled that the defendant’s failure to seek modification of, or to appeal, the judgment of divorce bound him to its terms, including the provision for survival of the settlement agreement.
Analogously, the plaintiff’s failure in the instant case to modify the judgment of divorce has bound him to its terms, including the characterization of the separation agreement as a stipulation of settlement.
Accordingly, after reargument, this court holds that the parties’ agreement, whether defined as a stipulation of settlement or marital agreement, may be enforced as a valid and binding judgment.
*212 Motion to Renew
CPLR 2221 (e) states that a motion to renew
“1. shall be identified specifically as such;
“2. shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination; and
“3. shall contain reasonable justification for the failure to present such facts on the prior motion.”
Ground for Renewal Based upon Proof of Subscribing Witness
In her motion for reargument the defendant has presented as an exhibit a certificate of proof of execution by one of the subscribing witnesses to the parties’ separation agreement. This witness, Howard A. Bernier, is an attorney who had been hired by the plaintiff to prepare all the documents in connection with the matrimonial action, including the separation agreement. In addition, the plaintiff had hired Mr. Bernier to represent the defendant in the matrimonial action. The defendant argues that the certificate of proof establishes the validity of the agreement even if the acknowledgment is otherwise defective.
Although, the defendant has termed the motion one for reargument, this particular aspect of the motion is actually one for renewal and the court shall deem it as such. (Transport Towing v Rad Oil Co., 257 AD2d 569 [2d Dept 1999]; Turkel v I. M. I. Warp Knits, 50 AD2d 543 [1st Dept 1975].) However, because the defendant has not articulated a reasonable justification for failing to present the new facts on the prior motion, this court is constrained to deny the motion to renew. (Delvecchio v Bayside Chrysler Plymouth Jeep Eagle, 271 AD2d 636 [2d Dept 2000].)
Counsel Fees Pursuant to Domestic Relations Law § 238
The defendant has moved for counsel fees pursuant to Domestic Relations Law § 238. Domestic Relations Law § 238 states in relevant part that:
“In any action or proceeding to compel the payment of any sum of money required to be paid by a judgment or order entered in an action for divorce . . . or in any proceeding pursuant to section two hundred forty-three, two hundred forty-four, two hundred forty-five or two hundred forty-six, the court may in its discretion require either party to pay the expenses of the other in bringing, carrying *213 on, or defending such action or proceeding.”
The defendant’s underlying motion seeks, inter alia, a money judgment on account of the plaintiff’s default in payment required by the terms of the agreement which have been incorporated by reference into the judgment. Although not specifically stated in the underlying motion, the defendant has made an application to enforce the judgment pursuant to Domestic Relations Law § 244. Upon review of the retainer agreement and the affirmation of the defendant’s attorney this court awards the defendant interim counsel fees in the sum of $5,000 to be paid by the plaintiff directly to the defendant’s attorney, within 60 days after the date of this decision. This award is made without prejudice to further applications for additional sums, as necessary. If the counsel fees are not paid within 60 days, the clerk is directed to enter a money judgment in favor of counsel upon written affirmation. No further notice is required. Conclusion
The defendant’s motion to reargue is granted and upon reargument the court finds that the parties’ agreement, which has been incorporated into the judgment of divorce by reference, is valid, binding and enforceable. The defendant’s motion to renew is denied.

. In the second decretal paragraph, the judgment orders that: “[T]he Stipulation of Settlement entered into between the parties on December 21, 1996 which is attached to and incorporated in this judgment by reference, shall survive and not be merged in this judgment, and the parties hereby are directed to comply with every legally enforceable term and provision of such Stipulation including any provision to submit an appropriate issue to arbitration before a single arbitrator, as if such term or provision were set forth herein, and the court retains jurisdiction of the matter concurrently with the Family Court for the purpose of specifically enforcing such of the provisions of that Stipulation as are capable of specific enforcement. . .

. Article IX, paragraph C of the agreement specifically states:
“In consideration of the Wife’s investment of her money towards the purchase of the ownership of five (5) medallions in two (2) corporations, namely Lou Lou Transit, Inc. (3 cabs) and Tomcat Transit, Inc. (2 cabs), the parties agree that the ownership of the said corporations shall be jointly owned by both of them and that *207 the Husband shall continue to manage the said medallions and the taxis to which they are attached and shall pay all business expenses, including management fee [sic], relating to such taxis from any income generated by them. Any profits resulting from said medallions and taxis or the corporations to which those taxis belong shall be divided between the parties.”

. Domestic Relations Law § 236 (B) (3) provides that “[a]n agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded.” A proper acknowledgment requires an oral acknowledgment before an authorized officer, and a written certificate of acknowledgment attached to the agreement. (See, Matisoff v Dobi, 90 NY2d 127 [1997]; Filkins v Filkins, 303 AD2d 934 [4th Dept 2003]; Real Property Law §§ 291, 298, 299, 303, 306.)

. Although the judgment of divorce does refer to the agreement as a stipulation of settlement, it was in reality a separation agreement created prior to litigation.

. See, Matisoff v Dobi, 90 NY2d 127 (1997); Domestic Relations Law § 236 (B) (3); Real Property Law §§ 291, 298, 299, 306; Executive Law § 135.

. Rubenfeld v Rubenfeld, 279 AD2d 153 (1st Dept 2001); Nordgren v Nordgren, 264 AD2d 828 (2d Dept 1999).