The People of the State of New York, Respondent, 
against
Tariq Delossantos, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Elizabeth N. Warin, J.), rendered January 26, 2017, convicting him, upon a plea of guilty, of endangering the welfare of a child, and imposing sentence.




Per Curiam.
Judgment of conviction (Elizabeth N. Warin, J.), rendered January 26, 2017, affirmed. 
After being charged with multiple misdemeanor sex crimes based upon allegations that he sexually abused the eight-year-old complainant on two separate occasions, defendant pleaded guilty to a single count of endangering the welfare of a child (see Penal Law § 260.10[1]) in exchange for a split sentence of incarceration and probation. Defendant now appeals claiming that the accusatory instrument was jurisdictionally defective because the court never found the infant complainant competent to verify the complaint. We find that challenge to be unavailing.
Although CPL 60.20(2) precludes a child less than nine years old from testifying under oath in a criminal proceeding unless the court has determined that the child understands the nature of an oath, this evidentiary rule, which "applies only to a witness actually testifying under oath" (People v Hetrick, 80 NY2d 344, 350 [1992]), does not apply to the verification of a misdemeanor complaint by a child under nine (see generally Matter of Gregory J., 209 AD2d 191 [1994], lv denied 85 NY2d 807 [1995]). While the "legally sufficient" evidence standard required to sustain a conviction after trial (see CPL 350.10[6], 360.50[2]) demands "competent evidence" (CPL 70.10[1]), there is no similar competent evidence requirement for the "reasonable cause to believe" standard under CPL 100.40(b) for a local criminal court accusatory instrument, the latter requiring only "evidence or information which appears reliable" (CPL 70.10[2]; see Peter Preiser, Practice Commentaries, McKinney's Cons. Laws of NY, Book 11A, CPL 70.10, at 276—278). In view of this distinction, the verification of an accusatory instrument by an infant may be effected by any of the methods permitted by CPL 100.30, without the need for the court to determine that an infant complainant is competent.
In this case, the verification of the accusatory instrument was proper, since an examination of the infant complainant to determine her ability to understand the nature of the oath and the difference between telling the truth and telling a lie was "done, in conjunction with [*2]the out of court methods enumerated in [CPL] 100.30(1)(b) through (e), by an Assistant District Attorney" and "the voir dire [was] recorded and made available to the court for review as to the propriety of the prosecutor's assessment of witness competence" (People v Soler, 144 Misc 3d 524, 527 [Crim Ct, NY County, 1989]; see also 32 Carmody-Wait 2d § 178:51). Accordingly, there is no facial defect in the accusatory instrument.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 23, 2019