<partyblock>

The People of the State of New York, Respondent,

against

Kenneth Slade, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Steven J. Hornstein, J., on motion to dismiss; Linda Poust Lopez, J., at trial and sentencing), rendered March 8, 2017, after a nonjury trial, convicting him of attempted assault in the third degree and harassment in the second degree, and imposing sentence.

Per Curiam.

Judgment of conviction (Steven J. Hornstein, J., on motion to dismiss; Linda Poust Lopez, J., at trial and sentencing), rendered March 8, 2017, affirmed.

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348
363, 367 [2000]), a procedural bar that defendant could not avoid simply by placing his claim in a speedy trial motion (see People v Figueroa, 165 AD3d 509 [2018], lv denied 32 NY3d 1171 [2019]).

In any event, the court properly denied defendant's motion. Contrary to defendant's contention, the first-party complaint signed by Iris Martinez needed no certificate of translation for conversion to an information, since there was no indication on the face of the instrument that the complainant had not read and understood it or was incapable of doing so (see Matter of Edward B., 80 NY2d 458 [1992]; Matter of Shaquana S., 9 AD3d 466, 466-467 [2004]; see also People v Casey, 95 NY2d 354 [2000]).

People v Edwards, 59 Misc 3d 148(A), 2018 NY Slip Op 50787(U) (App Term, 1st Dept 2018), lv denied 32 NY3d 1003 (2018), relied upon by defendant, is distinguishable. In that case, the People filed a statement of a translator simultaneously with the supporting deposition of the [*2]complainant, thereby providing indicia of deponent's inability to speak or read English. In those circumstances, we held that Criminal Court providently exercised its discretion in requiring a proper certificate of translation to be produced in order to convert the complaint to an information. In this case, however, the challenged statement of the translator was filed more than two years after defendant was arraigned on the first-party complaint. In these circumstances, Criminal Court properly held that "the purported inability of the complainant to read or understand the accusatory instrument, regardless of the underlying reason, qualifies as a latent defect," which does not require dismissal (see Matter of Edward B., 80 NY2d at 465).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: June 06, 2019

<form method="LINK" action="../../slipidx/at_1_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>